[Nos. B016962, B017636. Second Dist., Div. Four. July 20, 1987.]

FILM PACKAGES, INC., Plaintiff and Respondent, v. BRANDYWINE FILM PRODUCTIONS, LTD., Defendant and Appellant.

COUNSEL

Engel & Engel, Donald S. Engel and John E. Andrews for Defendant and Appellant.

Richard E. Hodge and Gary G. Kuist for Plaintiff and Respondent.

OPINION

COLE, J.*— The simple question presented on this appeal is whether the trial court may properly entertain and grant a second application by a plaintiff for a right to attach order, absent a showing of any facts materially different from those presented on a prior denied application. We hold that such an application may be entertained by the court.

On January 7, 1985, the first application for a right to attach order made by plaintiff and respondent Film Packages, Inc. (Film Packages or respondent) was denied. The court found that Film Packages had failed to establish the probable validity of its claim. Film Packages moved for reconsideration. The court did reconsider the matter, and this time received oral testimony from one witness. However, the court remained unpersuaded that Film Packages was more likely than not to prevail and found that it had once again failed to establish probable validity of its claim. The motion was thus again denied. Film Packages unsuccessfully sought a writ of mandate. Undaunted, and some seven months after the prior denials, Film Packages tried again. This time it was successful. Its second application for a right to attach order was granted on August 6, 1985, the trial commissioner writing a most useful and perceptive memorandum of opinion explaining why the renewed motion was properly entertained. A formal right to attach order and order for issuance of writ of attachment was signed on August 14, 1985.

A motion for reconsideration was made by defendant and appellant Brandywine Film Productions, Ltd. (Brandywine or appellant). Upon reconsid-

* Assigned by the Chairperson of the Judicial Council.

eration, the court on October 23, 1985, affirmed the ruling of August 6, 1985. ■ ■ ■ ■ Brandywine then filed two notices of appeal.[1]

The second application for a right to attach order was based upon subdivision (b) of Code of Civil Procedure section 1008.[2] That subdivision reads as follows: "When the party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, makes a subsequent application for the same order upon an alleged different state of facts, it shall be shown by affidavit what application was made before, when and to what judge, what order or decision was made thereon, and what new facts are claimed to be shown. For a failure to comply with this requirement, any order made on such subsequent application may be revoked or set aside on ex parte motion."

In his memorandum of opinion, the commissioner set forth his reasoning at length. We agree with it.[3]

---

[1] The first is from the right to attach order and order for issuance of writ of attachment of August 14, 1985. The second is also from the same order and as well purports to appeal the ruling of August 6, 1985, and the order upon reconsideration of October 23, 1985. We have consolidated the two appeals. The second appeal from the order of August 14, 1985, serves no useful purpose and is dismissed as being duplicative. The ruling of August 6, 1985, is not itself appealable, being reviewed on the appeal from the order of August 14, 1985. The appeal from the ruling of August 6, 1985, is dismissed.

[2] All further section references are to sections of the Code of Civil Procedure.

[3] The memorandum stated: "As authority for this 'renewed' Application, plaintiff relies upon subdivision (b) of CCP § 1008. As was explained more fully on the record, this Court has reluctantly concluded that an Application for Right To Attach Order, once denied, may be renewed upon the requisite showing of a 'different state of facts.' Briefly, it is recognized that the Attachment Law is both detailed and comprehensive in scope. However, it does not purport to be exclusive. Other procedural remedies are not expressly foreclosed, even though founded upon statutory provisions outside the Attachment Law.

"CCP § 484.100 does not compel a different conclusion. In relevant part, that Section provides that the court's determinations in an attachment proceeding '. . . shall have no effect on the determination of any issues in the action *other than issues relevant to proceedings under this chapter. . .' [sic]* (Italics added.) This may suggest a legislative intent that findings on the issue of 'probable validity' will be binding on the applicant for purposes of any subsequent attachment proceeding against the same defendant. Yet, if this was the Legislature's purpose, it did not so provide in any clear terms. Again, the statute does not expressly bar application of other procedural remedies, including the right to 'renew' a motion/application under CCP § 1008(b).

"Nor is the Law Revision Commission's Comment to Section 484.100 (1974 Addition) of great assistance. While it is inferred that an unsuccessful applicant should not be permitted to dismiss the entire action and file anew in hopes of obtaining the writ, and while this seemingly assumes that the application cannot be renewed in the original proceeding, the Attachment Law does not explicitly so provide. Although the Court would prefer to adopt a 'one bite of the apple' policy, such an interpretation cannot reasonably be drawn from the rather vague statutory language in question. In order to foreclose statutory remedies otherwise available, a much clearer manifestation of legislative intent is certainly required.

"Unfortunately, this conclusion is likely to invite abuse in the form of repeated applications. However, it must be recognized that attachment proceedings are typically brought at

Brandywine, in addition to urging the need for new facts, also relies upon section 484.100. That section reads as follows: "The court's determinations under this chapter shall have no effect on the determination of any issues in the action *other than issues relevant to proceedings under this chapter* nor shall they affect the rights of the plaintiff or defendant in any other action arising out of the same claim of the plaintiff or defendant. The court's determinations under this chapter shall not be given in evidence nor referred to at the trial of any such action." (Italics added.) It urges that the emphasized phrase makes it clear that the court's determinations upon an attachment motion are binding in a subsequent application in the same action for an attachment. We do not read the section in this restrictive fashion.

As we stated in *North Hollywood Marble Co. v. Superior Court* (1984) 157 Cal.App.3d 683, 691 [204 Cal.Rptr. 55], the primary intent of section 484.100 "is to preclude the initial determinations made in connection with issuance of attachment from being adopted in determination of issues in the principal action." In *North Hollywood,* we held that on a motion by a defendant to increase a previously ordered undertaking, the court quite properly again looked to the probable validity of success of the plaintiff in denying the motion. (*Ibid.*)

---

an early stage of litigation, before any meaningful discovery has been conducted. Moreover, Section 1008(b) includes a built-in control by requiring that the applicant present 'new facts.' Finally, CCP § 128.5 provides a remedy in the event that successive applications are brought in bad faith.

"The question in this case thus becomes whether plaintiff has met its burden of establishing 'probable validity' on the basis of 'new facts.' (Cf. *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1012-1014.) Cutting through all the hyperbole, plaintiff does not supply any operative facts which are materially different from those considered in relation to its earlier Application. Instead, what plaintiff has done is to offer newly-available *evidence*; Namely, the products of discovery conducted since the last hearing. More specifically, the parties have lodged, and the Court has reviewed, transcripts from the depositions of Bob Clark, Harold Cohen and Arnold Kopelson. The positions asserted by these principal parties, as reflected in the deposition testimony of each, simply reiterate the same factual circumstances as presented in their earlier declarations. Thus, nothing truely 'new' is offered in terms of *substantive* facts.

"Nonetheless, the deposition transcripts do shed new light on the case. Notably, the major issues in this case pivot largely on questions of credibility and interpretation. Undoubtedly, the earlier declarations were prepared with great care, under the close supervision of legal counsel. They disclosed virtually nothing about the personalities, attitudes and veracity of the respective declarants. In contrast, deposition testimony necessarily entails relatively spontaneous responses, without much opportunity to hand-pick words or consult with counsel. Thus, there are many subtle nuances and subjective impressions which may be drawn from the transcripts, none of which could be read from the earlier declarations.

"In this sense, then, the Court has been provided new 'facts,' although of a collateral and subjective nature. Nonetheless, in a close case such as this, such facts may be of critical importance. Indeed, this Court is now persuaded that plaintiff's claim is 'probably valid' for purposes of this attachment proceeding."

■ We also pointed out, in the same case, that trial courts have inherent jurisdiction, quite aside from statutory authority, to increase the amount of an undertaking if the court, in its discretion, thinks an increase is appropriate. (*North Hollywood Marble Co.* v. *Superior Court, supra,* 157 Cal.App.3d 683, 691, citing *Francis* v. *Superior Court* (1922) 58 Cal.App. 618, 622 [209 P. 80]; *Greene* v. *Superior Court* (1933) 133 Cal.App. 35, 37-39 [23 P.2d 785]; and *Murillo* v. *Toole* (1941) 47 Cal.App.2d 725, 727-728 [118 P.2d 895].) It would be anomalous, given such authority, for the court not to be able to reconsider whether an attachment should be allowed at all.

■ Accordingly, we hold that section 484.100 does not preclude the court from entertaining a subsequent motion for a right to attach order, after a previous motion has been denied. It follows, as the commissioner's decision indicates, that section 1008 may be resorted to in connection with applications to renew attachment motions. Nothing in the section precludes using it when attachments are involved and it should be read together with the attachment sections in interpreting legislative intent.

■ Brandywine also asserts that even if section 1008, subdivision (b), can be used, Film Packages failed to show that there were new facts which could not reasonably have been discovered to support its renewed application. There are two answers to this argument. The first is that, as stated in the trial court's memorandum of decision (fn. 3 *ante*), while new facts, in the sense of substantive occurrences which were not previously known, were not shown, new evidence of the meaning of those facts was produced, stemming from depositions of the operative players. Those depositions were taken after the previous attachment hearings. The trial court found that the depositions shed new light on the case. Contrasted with the naked facts which showed up in previous declarations by the subsequent deponents, the depositions provided "many subtle nuances and subjective impressions" none of which could be drawn from the declarations. Thus, new information was made available. Indeed, the information was of enough significance that it caused the trial court now to credit respondent's witnesses in this close case, whereas previously the declarations had caused the court not to give them credit and, rather, to believe appellant's testimony.

So far as it is argued that there was no reason why the depositions could not have been taken earlier and thus been available at the first attachment proceedings, it has been noted that it is usually in the nature of attachment for a plaintiff to seek, early on, to secure the proceeds of a potential judgment when it is likely that the plaintiff will prevail. At such time there is often no reasonable opportunity to undertake the meaningful discovery which can occur later. (See 6 Am.Jur.2d, Attachment and Garnishment,

§ 275, p. 756.) We do not find that the new information could have been readily available earlier.

The second reason why we do not believe that any alleged failure to supply new facts is fatal is that the statutory scheme of section 1008, subdivision (b) is not exclusive. "[A] trial court retains jurisdiction and the discretion to hear a renewed motion after denying previously such a motion, notwithstanding the provisions of section 1008. . . . [Citations]" (*Strick* v. *Superior Court* (1983) 143 Cal.App.3d 916, 921 [192 Cal.Rptr. 314].) To so act is within the innate power of the court. While it may be error to reconsider a previous final order under section 1008, subdivision (a), where there is no showing of newly discovered evidence (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594]), apart from that subdivision a trial court, in a still pending action, is generally vested with discretion to grant a renewed motion based on a fuller statement of facts previously furnished. (*Kenney* v. *Kelleher* (1883) 63 Cal. 442, 444; *Corcoran* v. *City of Los Angeles* (1957) 153 Cal.App.2d 852, 857 [315 P.2d 439].) In its quite proper endeavor to reach a correct decision on a better showing than was previously made, the trial court was well within its rights to redetermine the matter.

## DISPOSITION

The second appeal from the order of August 14, 1985, and the appeal from the ruling of August 6, 1985, are dismissed. The other orders appealed from are affirmed. Film Packages is to recover its costs on appeal.

Woods, P. J., and McClosky, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 1, 1987.