[No. B148105. Second Dist., Div. Seven. July 16, 2001.]

DEAUVILLE RESTAURANT, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LAWRENCE N. TAYLOR et al., Real Parties in Interest.

**COUNSEL**

Troy & Gould and Jeffery W. Kramer for Petitioner.

Morrison & Foerster, Raymond L. Wheeler, William B. Grenner and Beatriz M.G. Gordon for Respondent.

Buchalter, Nemer, Fields & Younger, Jeffrey S. Wruble, Geoffrey F. Bogeaus and Ruth L. Seroussi for Real Parties in Interest.

**OPINION**

**WOODS, J.**—Deauville Restaurant, Inc. (Deauville) filed a petition for writ of mandate directing respondent superior court to vacate its order rejecting Deauville's peremptory challenge to Commissioner Levin, pursuant to Code of Civil Procedure section 170.6.[1] The day before filing the peremptory challenge, on February 7, 2001, Deauville had filed a *second* application for a writ of attachment; the application was scheduled to be heard before Commissioner Levin. On September 1, 2000, Deauville had filed the *first* application for a writ of attachment and Commissioner Levin denied the application. The section 170.6 peremptory challenge was rejected based on the court's view that Deauville's second application for a writ of attachment amounted to a motion for "reconsideration" of the first application, and

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

under section 1008, subdivision (a), the same judge who decided the original motion must hear the motion for reconsideration.

In its petition for a writ of mandate, Deauville argues the court mischaracterized the second application as a motion for reconsideration under section 1008, subdivision (a). Instead, Deauville maintains the second application was a *renewed* motion under section 1008, subdivision (b), which unlike subdivision (a), does not require the *same* judge decide the subsequent motion. As we shall explain, Deauville is correct and therefore we grant the writ of mandate.

### FACTUAL AND PROCEDURAL HISTORY

In April 2000, Deauville filed a complaint, alleging various breach of contract and tort causes of action against the real parties in interest. Deauville is seeking to recover approximately $3 million in damages on an agreement for the early termination of a lease. The action was assigned to Judge Marvin Lager for all purposes under the independent calendar system.

On September 1, 2000, Deauville filed a motion for an attachment order and an application for a writ of attachment against one of the real parties in interest, 10000 Millenium Plaza, LLC (Millenium), to secure $3.05 million (plus interest and attorneys' fees) during the pendency of the action (the first application). Deauville supported the first application with several witness declarations. As required by the local rules of court, the first application was to be heard in department 66 of the superior court; Commissioner Arnold Levin presided in department 66. Millenium opposed the application and submitted numerous evidentiary objections to all of Deauville's supporting declarations. In late September 2000, Commissioner Levin denied the first application, ruling: "[Millenium's] objection[s] to [Deauville's] declarations [are] sustained. The application is denied based on the evidentiary rulings. All other rulings on objections are moot."

Thereafter, Deauville deposed several of Millenium's witnesses. In addition, in January 2001, Judge Lager ruled that many of Millenium's defenses to the breach of lease were irrelevant.

On February 7, 2001, Deauville filed another motion and application for an order and writ of attachment, and as with the first application, Deauville sought to secure $3.05 million (plus interest and attorneys' fees) during the pendency of the action (the second application). The second application noted Deauville had unsuccessfully filed the first application. The second application did not challenge the court's ruling on the first application, nor

did it ask the court to reconsider, revoke or modify the prior ruling. The second application stated: "This application is supported by new declarations, each of which has been substantially reworked to meet the evidentiary objections Millenium interposed to the earlier declarations. This application is also supported by deposition testimony of the lead defendant, Lawrence Taylor and the deposition testimony of three third-party witnesses. Finally, this application following a ruling by the I/C Judge, the Honorable Marvin M. Lager, that any purported breaches or defaults by Deauville under the Lease before the December 15, 1999 date of execution of the Amendment For Early Expiration of Lease are not relevant."

As with the first application, the second application was scheduled to be heard in department 66, before Commissioner Levin. On February 8, 2001, Deauville filed a peremptory challenge to Commissioner Levin under section 170.6.

On February, 15, 2001, Commissioner Levin issued a minute order rejecting the peremptory challenge, holding: "The Court rejects the challenge on the grounds that it involves a motion for reconsideration of an application for Writ of Attachment previously heard by Commissioner Arnold Levin. Pursuant to Section 1008 of the Code of Civil Procedure, the reconsideration motion must be heard by the original Judicial Officer."

Deauville petitioned this court for a peremptory writ of mandate.[2]

## DISCUSSION

*The Court Erred in Rejecting Deauville's Peremptory Challenge.*

In its petition, Deauville argues its second application was a *renewed* motion for an order of attachment under section 1008, subdivision (b). Deauville asserts the court erred in denying the peremptory challenge on the basis the second application was a motion for *reconsideration* of the first application.

Respondent court asserts it properly considered the second application a motion for reconsideration because Deauville sought the same relief as it had in the first application and supported the second application with the same arguments. In any event, respondent asserts, even if the second application constitutes a renewed motion under section 1008, subdivision (b), the "same

---

[2]Subsequently, this court issued an order to show cause and issued a stay of any proceedings in the matter scheduled before Commissioner Levin.

judge" requirement (i.e., the rule that the same judge who heard the first motion must also decide the second motion) applies to renewed motions.

Section 1008, provides, in pertinent part:

"(a) When an application for an order has been made to a judge, or to a court and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to *the same judge or court that made the order*, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown.

"(b) A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. . . ." (§ 1008, subds. (a) & (b), italics added.)

With the language of section 1008 in mind, we turn to the merits.

A. *Whether the Court Erred in Characterizing the Second Application as a Motion for Reconsideration.*

Concerning the issue of proper characterization of Deauville's second application, we conclude the second application was more akin to a renewed motion than a motion for reconsideration. The second application makes no mention of section 1008, subdivision (a) or (b), nor is the application labeled as a "reconsideration" or a "renewed" motion. Nonetheless, the second application does not resemble a motion for reconsideration because it does not request the court "to reconsider the matter and modify, amend, or revoke the prior order" on the first application. Deauville did not claim the court erred in its original assessment of the evidence or the law. Indeed, the court did not even consider the merits of the first application; it was denied based on the evidentiary defects in the supporting declarations. In submitting new declarations "reworked to meet the evidentiary objections Millenium interposed to the earlier declarations," Deauville tacitly acknowledged the court properly denied the first application. Moreover, Deauville's

request for the same relief in the second application does not transform the second application into a motion for reconsideration. Under section 1008, subdivision (b), the movant on a renewed motion may seek the same relief as it had on the original motion. (See § 1008, subd. (b) ["A party who. . . [unsuccessfully] made an application for an order . . . may make a subsequent application for the same order . . . ."].)

In the second application, Deauville presented distinct arguments based on additional evidence and new circumstances not presented in connection with the first application.[3] While the practice of filing successive applications for attachment is not one we would encourage, it is not without legal precedent. (See, e.g., *Film Packages, Inc. v. Brandywine Film Productions, Ltd.* (1987) 193 Cal.App.3d 824, 827, fn. 3 [238 Cal.Rptr. 623] [recognizing "an Application for Right To Attach Order, once denied, may be renewed upon the requisite showing of a 'different state of facts' "].)

In view of the foregoing, we conclude the court erred in summarily concluding Deauville's second application was a motion for reconsideration.

B. *Whether the Same Judge Who Heard the Original Motion Must Decide the Renewed Motion.*

 Respondent argues that even if Deauville's second application is characterized as a renewed motion, it must nevertheless be heard by Commissioner Levin who ruled on the first application. We do not agree.

While section 1008, subdivision (a) expressly requires the same judge hear a motion for reconsideration, subdivision (b) conspicuously omits the "same judge" requirement. Section 1008, subdivision (b) is unambiguous and clear. "If the words of a statute are reasonably free of ambiguity and uncertainty, we look no further than those words to determine the meaning of the language." (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1503 [82 Cal.Rptr.2d 368].)

Respondent nonetheless invites this court to read the "same judge" requirement into section 1008, subdivision (b). We cannot accept this invitation. The "Legislature admonishes us that a judge's duty is 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted . . . .' [Citations.] We may not speculate that the Legislature meant something other than what it said, nor may we

---

[3]Respondent concedes (at least for the purposes of the petition before this court) Deauville's second application is supported by new facts and circumstances.

rewrite a statute to make express an intention that did not find itself expressed in the language of that provision." (*Lazar v. Hertz Corp., supra,* 69 Cal.App.4th at p. 1503.) ██ Here, the omission of the "same judge" requirement from section 1008, subdivision (b) appears to indicate an intent not to impose the requirement in the context of renewed motions.

Despite the lack of statutory support for its claim, respondent argues that in *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1232 [254 Cal.Rptr. 410] (*Ziller*), the court held a renewed motion must be brought before the same judge who heard the original motion. Close scrutiny of *Ziller* reveals the statements in the case concerning renewed motions are nonbinding dicta.

*Ziller* involved subsequent motions to quash service of summons. On the first motion, the court preliminarily determined minimum contacts existed, but nonetheless, granted the motion for lack of effective service of process. The plaintiff re-served the defendant, and the defendant filed a second motion to quash asserting lack of minimum contacts. The plaintiff opposed the motion on the grounds the defendant was bound by the court's determination of minimum contacts on the first motion. The second motion was heard by a different judge,[4] and denied on the ground that minimum contacts had been determined on the first motion. The second judge also refused to set aside the ruling (on the minimum contacts issue) of the first judge, finding the defendant should have sought immediate reconsideration by the original judge or writ review. (*Ziller Electronics Lab GmbH v. Superior Court, supra,* 206 Cal.App.3d at p. 1227.)

On a petition for a writ of mandate, the petitioner (i.e., the defendant) asserted two contentions: (1) the original determination of minimum contacts on the first motion to quash was nonbinding or in excess of the court's jurisdiction; and (2) the second judge erred in refusing to reconsider the merits of the minimum contacts issue. (*Ziller Electronics Lab GmbH v. Superior Court, supra,* 206 Cal.App.3d at pp. 1227-1230.) As to the latter contention, the Court of Appeal held the second judge erred in refusing to reconsider the minimum contacts issue. In so ruling, the appellate court determined the 10-day limitation period in section 1008, subdivision (a) was not jurisdictional and thus, the defendant could seek reconsideration of the court's decision more than 10 days after the first order. (206 Cal.App.3d at p. 1231.) The court also stated the "same judge" requirement in section 1008 did not preclude reconsideration because the original judge was unavailable to hear the second motion. In explaining the application of the "unavailability exception" to the "same judge" requirement, the *Ziller* court wrote: "An

---

[4]The judge who heard the original motion was unavailable. (*Ziller, supra,* 206 Cal.App.3d at p. 1232.)

established exception to the general rule limiting reconsideration is that where the judge who made the initial ruling is unavailable to reconsider the motion, a different judge may entertain the reconsideration motion. [Citation.] This exception reconciles the jurisdiction of a trial court to reconsider and correct its erroneous interim rulings to achieve justice [citation] with the general rule's recognition of the comity between judges of a trial court. *The proper procedure upon a motion for reconsideration or a renewed motion is for the second judge to direct the moving party to the judge who ruled on the first motion.* If the original judge is unavailable, as in this case, the second judge may hear the reconsideration motion. [Citations.]" (206 Cal.App.3d at p. 1232, italics added.)

Respondent here interprets the italicized language as holding a renewed motion must be brought before the same judge who decided the first motion. In our view, this language is dicta, rather than holding. Because the *Ziller* court was reviewing a motion for reconsideration, not a renewed motion, the inclusion of "renewed motions" within the statement concerning the same judge requirement, was superfluous. It was entirely tangential and immaterial to the issue on review, that is, the application of the "unavailability exception" to the "same judge" requirement on motions for reconsideration. The *Ziller* court did not specifically consider the application of the same judge requirement in the context of a renewed motion. Consequently, in our view, *Ziller* is not persuasive or binding authority for the respondent's contention. ■ "Language used in any opinion is of course understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

■ Respondent, nonetheless, posits that because the Legislature has amended section 1008 twice since *Ziller* and because the Legislature failed to abrogate *Ziller,* the Legislature is presumed to have been aware of, and acquiesced in, the *Ziller* court's construction of renewed motions. We do not agree. As explained above, the statement in *Ziller* concerning renewed motions and the "same judge" requirement is dicta. The *Ziller* court did not "construe" or directly consider section 1008, subdivision (b). Instead, the issue in *Ziller* centered on the application of the "unavailability exception" to the "same judge" requirement on a motion for reconsideration. In our view, legislative silence is not tantamount to agreement with or endorsement of a court's statements on irrelevant issues.

Finally, we are sympathetic to respondent's concerns that our conclusion may invite abuse in the form of successive applications for attachment

orders and forum shopping. However, such abuse may be deterred by other means. As recognized in section 1008, subdivision (d), "[a] violation of this section may be punished as a contempt and with sanctions as allowed by Section 128.7. In addition, an order made contrary to this section may be revoked by the judge or commissioner who made it, or vacated by a judge of the court in which the action or proceeding is pending." In addition, as observed in *Film Packages, Inc. v. Brandywine Film Productions, Ltd., supra,* 193 Cal.App.3d at pages 827-828, footnote 3, "it must be recognized that attachment proceedings are typically brought at an early stage of litigation, before any meaningful discovery has been conducted. Moreover, Section 1008(b) includes a built-in control by requiring that the applicant present 'new facts.' "

In view of the foregoing, we conclude the court erred in denying Deauville's peremptory challenge.

## DISPOSITION

A peremptory writ of mandate shall issue directing respondent to vacate its order rejecting petitioner's peremptory challenge under Code of Civil Procedure section 170.6, and to issue a new and different order granting the peremptory challenge. Petitioner to recover costs on this proceeding.

Johnson, Acting P. J., and Boland, J.,* concurred.

The petition of respondent and real parties in interest for review by the Supreme Court was denied October 17, 2001. Chin, J., was of the opinion that the petition should be granted.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.