[No. B183768. Second Dist., Div. Four. Dec. 28, 2005.]

THE NEW YORK TIMES COMPANY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WALL STREET NETWORK, LTD., Real Party in Interest.

## COUNSEL

Brown Raysman Millstein Felder & Steiner, Allan Gabriel, Pamela G. Maher and Pamela E. Woodside for Petitioner.

No appearance for Respondent.

Law Offices of Arnold G. Regardie, Arnold G. Regardie; Law Offices of Scott E. Shapiro and Scott E. Shapiro for Real Party in Interest.

## OPINION

EPSTEIN, P. J.—We hold the trial court order granting a motion for reconsideration violated Code of Civil Procedure section 1008,[1] authoritatively construed in *Le Francois v. Goel* (2005) 35 Cal.4th 1094 [29 Cal.Rptr.3d 249] (*Le Francois*), a case decided after the trial court ruling. Section 1008, subdivision (a) requires that a party seeking reconsideration base its motion upon new or different facts, circumstances, or law. The moving party also must provide a satisfactory explanation for the failure to make the showing at or before the time the challenged order was issued. The moving party in this case failed to do either. The trial court may grant reconsideration on its own instance, but that is not what happened in this case.

[1] All statutory references are to the Code of Civil Procedure.

The New York Times Company (NYT) petitioned for a writ of mandate ordering the superior court to (1) vacate its grant of reconsideration of its prior order granting summary judgment in favor of NYT; (2) vacate its resultant denial, on reconsideration, of NYT's motion for summary adjudication on the remaining cause of action; and (3) reinstate its order granting summary judgment in favor of NYT. We shall grant the relief requested.

## FACTUAL AND PROCEDURAL SUMMARY

In May 2002, Click2Boost, Inc. (C2B) and NYT entered into a contract calling for C2B to advertise, market, and promote home delivery subscriptions for NYT on Web sites of C2B's "marketing alliance" partners. The program was to run through September 2003. C2B agreed to place pop-up advertisements for home delivery of NYT on the Web sites of these partners[2] and NYT agreed to pay C2B for every subscription submission provided to NYT. NYT cancelled the agreement two weeks early, claiming that most of the subscriptions provided by C2B were faulty (e.g., subscribers had never agreed to subscribe, subscriptions could not be started because of inaccurate and doubtful addresses) and that C2B already had exceeded the agreed-upon quota for the final month of September.

Wall Street Network, Ltd. (WSN), as assignee for C2B, sued NYT. Its first amended complaint, filed in November 2003, alleged various contract and misrepresentation claims. NYT cross-complained against C2B in March 2004, alleging that C2B breached the agreement by failing to provide NYT with legitimate subscriptions and seeking rescission of the approximately $1.5 million paid to C2B under the contract.

NYT moved for summary judgment in December 2004 on the ground that WSN and C2B could not demonstrate that C2B performed under the agreement. NYT asserted that C2B would be unable to prove that C2B had acquired names through the Internet subscription process rather than from other databases. NYT also moved for summary adjudication of causes of action on an array of related grounds: breach of contract (no performance); misrepresentation (no misrepresentation and no harm); and inducing breach

---

[2] According to C2B, a person visiting the Web site of one of C2B's marketing alliance partners would be presented with a pop-up ad asking if he or she was interested in receiving the NYT newspaper for home delivery. If a viewer clicked on the pop-up, he or she would be presented with a new window which called for the entering of various data, including name, address, and credit card information. Once the viewer clicked "submit," the information would be transmitted to C2B and then to another company for further formatting and transmittal to NYT's subscription fulfillment center.

of contract, aiding and abetting inducement of breach of contract, and conspiracy to induce breach of contract (all individual defendants acted in their capacity as agents or employees of NYT).

NYT claimed the only evidence WSN provided to support its contention that C2B performed under the agreement was an unintelligible list of names, pseudonyms, and Internet protocol addresses (or some combination of these), without any showing that the list reflected persons who actually subscribed to home delivery of the newspaper. The list began with "jon doe" and ended with "John Smith, Jr." NYT submitted the declaration of its Web manager who stated that it was unlikely that C2B had employed the agreed-upon process because an unusually high percentage of subscription orders were cancelled or failed because of incorrect addresses and other problems. Forty-one percent of C2B's alleged subscribers complained to NYT that they had never ordered the paper. Ultimately, only 187 of 45,000 subscription orders submitted by C2B resulted in any payment to NYT.

After some dispute, C2B was ordered to disclose the identity of its market alliance partners that had placed the ads on their Web sites. NYT deposed representatives of two of these partners on Friday, April 1, 2005, two business days before the hearing on the summary judgment motion. The deponents testified that C2B used their services in promoting NYT's home delivery subscriptions on their Web sites using pop-up advertisements, as required by the contract.

The summary judgment motion was heard on April 5, 2005. It was granted by the trial court, which noted that WSN had produced no evidence of performance using the pop-up system as required by the contract. WSN moved for reconsideration. The trial court granted that motion in part, denying summary judgment, but granting summary adjudication on all causes of action except breach of contract.

NYT petitioned for a writ of mandate, asking this court to direct the trial court to vacate the order granting reconsideration and denying full summary judgment, and to reinstate its original order granting summary judgment. We intervened and issued an alternative writ. We now grant the requested relief.

## DISCUSSION

The principal issue before us is whether the trial court violated the requirements of section 1008 in granting WSN's motion for reconsideration.

NYT argues that section 1008 bars reconsideration because WSN's motion was based on evidence known to it or available to it before the summary judgment hearing, and WSN failed to provide a satisfactory explanation for its failure to present this evidence before summary judgment was granted.

Section 1008, subdivision (a) provides in material part: "When an application for an order has been made to a judge, or to a court, and . . . granted . . . any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law,* make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Italics added.)

The decision in *Le Francois* construed this statute and upheld its constitutionality as construed. In doing so, the court resolved a long-standing debate. Many courts had taken the position that the Legislature overstepped the separation of powers line in purporting to tell trial courts that they could not reconsider an interim ruling, except under the narrow situations allowed in the statute. (See *Remsen v. Lavacot* (2001) 87 Cal.App.4th 421 [104 Cal.Rptr.2d 612], disapproved of in *Le Francois, supra,* 35 Cal.4th at p. 1107, fn. 5.) Other courts disagreed, reading section 1008 literally so that an interim order of the court was like a Law of the Medes and Persians—once issued, it could not be altered (see Esther 8:8), except on appeal or where one of the narrow exceptions applied. (See *Bagley v. TRW, Inc.* (1999) 73 Cal.App.4th 1092, 1096–1097 [86 Cal.Rptr.2d 909].)

■ The Supreme Court concluded that section 1008 does not limit a court's ability to reconsider a previous interim order *on its own motion,* if it gives notice to the parties that it may do so and provides a reasonable opportunity to litigate the question. (*Le Francois, supra,* 35 Cal.4th at pp. 1096, 1108.) But the court also held that a *party* is prohibited from making, and the trial court from granting, a motion for reconsideration unless the requirements of sections 437c, subdivision (f)(2), or 1008 are satisfied. (35 Cal.App.4th at pp. 1096, 1108.) Section 437c, subdivision (f)(2) provides: "[A] party may not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court, unless that party establishes to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion."

■ Section 1008, subdivision (a) requires that a motion for reconsideration be based on new or different facts, circumstances, or law. A party seeking reconsideration also must provide a satisfactory explanation for the failure to produce the evidence at an earlier time. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 689 [68 Cal.Rptr.2d 228].) A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457 [45 Cal.Rptr.2d 695].)

WSN's motion for reconsideration was based solely on the deposition testimony of representatives of two of its marketing alliance partners: Donald L. Cerullo, Jr., of LSF Network, Inc., and Brian Nelson of Trancos, Incorporated. WSN contends their testimony proves that C2B performed under the contract with NYT. The deponents testified that (1) their companies contracted with C2B to place advertising banners and pop-up windows for NYT home delivery on their Web sites; (2) they forwarded to C2B the customer information obtained via the ads and received payment from C2B; and (3) they confirmed that an individual had to take affirmative action to place an order.

Cerullo testified that LSF Network, Inc., placed a banner on its Web site that encouraged users to click on it and provide address and credit card information if they were interested in subscribing to NYT. Cerullo personally tested the system to ensure it worked properly. He stated that the campaign successfully generated users who expressed an interest in the NYT offer, and whose information was transmitted to and accepted by C2B. Cerullo presented a document stating that 4,668 names had been transmitted, but admitted the number was generated by C2B. He authenticated another document stating that 88,725 users clicked on the NYT banner, although many did not follow through and sign up for a subscription. LSF Network, Inc., no longer possesses any record of the information it provided to C2B through this program.

Nelson testified that Trancos's Web site presented the NYT offer to users after they registered to take a survey. Nelson authenticated an invoice from Trancos, billing C2B $112 for the contact information for 28 users who expressed interest in the NYT offer. Trancos transmitted additional names that were rejected by C2B.

■ WSN easily could have obtained this evidence by deposition or declarations of C2B's business partners during discovery. The burden under section 1008 is comparable to that of a party seeking a new trial on the

ground of newly discovered evidence: the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it at the trial. (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198 [69 Cal.Rptr.2d 592].) Case law after the 1992 amendments to section 1008 has relaxed the definition of "new or different facts," but it is still necessary that the party seeking that relief offer some fact or circumstance not previously considered by the court. (See *Garcia v. Hejmadi, supra,* 58 Cal.App.4th at pp. 689–690 [motion for reconsideration improperly granted where evidence reflected knowledge plaintiff had from outset of litigation]; see also *Johnston v. Corrigan* (2005) 127 Cal.App.4th 553, 556 [25 Cal.Rptr.3d 657] [trial court had jurisdiction to reconsider prior ruling when evidence showed court failed to consider timely filed memorandum of points and authorities]; *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 [38 Cal.Rptr.2d 626] [claims that trial court misinterpreted the law in its initial ruling not sufficient to merit reconsideration].)

■ The Cerullo and Nelson deposition testimony does not constitute new or different facts within the meaning of section 1008. Although the evidence was new to the trial court, it was available to WSN throughout the discovery process and was easily obtainable, as demonstrated by the April 1 depositions. WSN (and certainly C2B), were or should have been aware of the details about the online ad campaign from its inception. WSN failed to include any of this information in its opposition to the summary judgment motion, or even mention it to the court until the end of the hearing, when it appeared that the court would rule against it. This evidence was not the type of "new or different facts, circumstances, or law" that would justify reconsideration. (See *Foothills Townhome Assn. v. Christiansen* (1998) 65 Cal.App.4th 688, 692 [76 Cal.Rptr.2d 516] [plaintiff's belief that certain evidence was not necessary at hearing on summary judgment motion insufficient to justify reconsideration], disapproved on another ground in *Navellier v. Sletten* (2002) 29 Cal.4th 82 [124 Cal.Rptr.2d 530, 52 P.3d 703].)

Even if this evidence somehow could be considered "new," WSN failed to provide a satisfactory explanation for its failure to present it earlier. WSN now claims it was unaware of the information possessed by Cerullo and Nelson, and did not have easy access to these employees of independent third party companies. But WSN argued earlier, in opposition to the petition for writ of mandate, that it failed to present the deposition testimony because the transcripts were not available and, tellingly, that it was not needed to defeat summary judgment. At the hearing on reconsideration, WSN's counsel argued

to the court that "so far as the due diligence aspect of this case was concerned . . . I deemed . . . the testimony of Alon Nachom or possibly Kobi Nachom to be sufficient to defeat their motion. . . . I did not believe it was necessary to go out and get anything further." WSN also argued that obtaining declarations from the alliance partners before they were deposed would have raised questions from NYT about the credibility of the testimony.

The issue raised in the motion to reconsider, C2B's performance, was presented to WSN when the summary judgment motion was filed in December 2004. It should have been apparent from the motion alone that C2B's performance would play a central role in the case. (See *Garcia v. Hejmadi, supra,* 58 Cal.App.4th at p. 690 [matters raised by plaintiff in his motion for reconsideration consisted of information always within his possession, and he gave no satisfactory explanation for not bringing it out earlier].) The fact, if it is such, that Cerullo and Nelson were not under C2B's control is not material. C2B undoubtedly possessed the means to contact its business partners and obtain testimony from them in its opposition to the summary judgment motion, or at any time prior to the hearing. Moreover, C2B attempted to prevent NYT from contacting the alliance partners and disclosed their contact information only upon a court order. Finally, even if the deposition transcripts were not available, WSN could have presented the court with declarations or a verified summary of the deponents.

WSN cites two cases in support of its position, *Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1343 [4 Cal.Rptr.2d 195], and *Film Packages, Inc. v. Brandywine Film Productions, Ltd.* (1987) 193 Cal.App.3d 824 [238 Cal.Rptr. 623]. Both are distinguishable. In *Mink v. Superior Court,* the trial court denied a motion for reconsideration when all parties believed the plaintiffs' claims were barred by the statute of limitations, but plaintiffs discovered after the ruling that the statute had not run because of an intervening weekend and court holiday. In that case, the court found the plaintiffs' failure to discover the mutual mistake of fact before the ruling on summary adjudication excusable. (*Mink v. Superior Court,* at pp. 1342–1343.) Here, however, there was no mistake of fact. Instead, there was a decision by WSN's attorney not to collect evidence he thought unnecessary.

In *Film Packages, Inc. v. Brandywine Film Productions, Ltd., supra,* 193 Cal.App.3d at pages 828–829, a case decided before section 1008 was amended, the court reconsidered a prior order based on evidence that "shed new light on the case," although it was not materially different from evidence considered earlier. The court explained that the evidence could not have been

presented earlier because the plaintiff in attachment proceedings typically has "no reasonable opportunity to undertake the meaningful discovery which can occur later." (193 Cal.App.3d at pp. 828–829.) That is not the situation here, where WSN admits that it engaged in extensive discovery over 16 months.

WSN could have moved for a continuance pursuant to section 437c, subdivision (h), in order to present the deposition transcripts to the court if they were not ready at the time of the summary judgment hearing. A continuance of a summary judgment hearing is mandated upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion. (*Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 167 [10 Cal.Rptr.3d 18].) There is no dispute that WSN failed to take advantage of this opportunity. At the hearing, WSN's attorney told the court that the Cerullo and Nelson depositions had just been taken and argued they showed performance by C2B. He then stated: "And if there's any question about that, then I . . . would . . . say that the hearing has to be continued, so we can submit those transcripts . . . ." This statement was not sufficient to meet the requirements of section 437c, as it was not made prior to the date opposition was due and was not supported by affidavit. Moreover, WSN admits that it did not move for a continuance at the hearing. These facts support NYT's contention that WSN made a strategic decision at the time of the hearing that the deposition transcripts were not necessary to defeat summary judgment.

WSN now argues the trial court acted sua sponte to reconsider the order granting summary judgment. Under *Le Francois*, the trial court has the authority to reconsider a previous interim order on its own motion, if it gives notice to the parties that it may do so and provides a reasonable opportunity to litigate the question. (*Le Francois, supra,* 35 Cal.4th at pp. 1096, 1108.) Here, however, the court acted in response to a written motion for reconsideration brought under section 1008. The court stated that it was ruling on motions taken under submission, including "MOTION OF PLAINTIFF WALL STREET NETWORK, LTC., [*sic*] FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS AND CROSS COMPLAINANTS MOTION FOR SUMMARY JUDGMENT."

Because WSN failed to satisfy the requirements of section 1008, the trial court abused its discretion in granting the motion for reconsideration.

## DISPOSITION

Let a writ of mandate issue, directing the trial court to vacate its order granting WSN's motion for reconsideration; vacate its resultant denial, on reconsideration, of NYT's motion for summary adjudication on the remaining cause of action; and reinstate its order granting the motion for summary judgment. NYT is to recover its costs in this writ proceeding.

Hastings, J., and Curry, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 29, 2006, S140898.