Filed 3/30/15  B.R. v. M.N. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| B.R.,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>M.N.,<br><br>    Defendant and Respondent;<br><br>SAN BERNARDINO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Intervener and Respondent. | G050720<br><br>(Super. Ct. No. VFLVS027405)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of San Bernardino County, David R. Proulx, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

B.R., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Catherine A. Ongiri, Deputy Attorneys General, for Intervener and Respondent.

\*       \*       \*

## INTRODUCTION

The trial court entered a child support order, and two months later modified the amount of support to be paid on a monthly basis by the mother to the father. The father appeals, contending the trial court improperly imputed income to him, and improperly considered the mother's request to modify child support, which he claims was actually a motion for reconsideration. We find no error on the part of the trial court, and affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

B.R. (father) and M.N. (mother), who were never married, are the parents of two minor children. In October 2004, the trial court ordered father and mother to share joint custody of the children, and ordered father to pay $250 per month in child support to mother. The San Bernardino County Department of Child Support Services (the Department) began enforcing the child support order in 2005.

In April 2012, the trial court (Commissioner David R. Proulx) ordered mother to pay child support of $600 per month to father. In September 2012, the Department filed a motion for modification, asking that mother be ordered to also provide health insurance coverage for the children and to pay 50 percent of their uninsured health care costs, and that the April 2012 child support order be so modified. The Department's motion was heard on October 15, 2012. The trial court (Commissioner Khymberli S. Apaloo) ordered mother to pay $866 per month in child support to father.

The court found that both parties had custody of the children 50 percent of the time, mother's monthly income was $5,179, mother's child care expenses were $594

2

per month, mother's insurance expenses were $77 per month, and father's monthly income was zero. The court found there was insufficient evidence to determine whether minimum wage jobs were available to father, so wages would not be imputed to father at that time. The court ordered father to search for work at a minimum of five locations per week and to show proof of his job search or employment at the next court hearing. The court continued the matter to January 29, 2013, to review father's work search efforts and child support.

On October 19, 2012, mother filed a request for an order modifying the October 15 order. The hearing, originally scheduled for November 27, was continued to December 17, and the previously scheduled January 29, 2013 review hearing was advanced to December 17, 2012.

An evidentiary hearing was conducted on December 17, again before Commissioner Proulx, at which all parties were present. The court found that father had both the ability and the opportunity to work, relying for the latter on its review of the USworks.com Web site for the local area; father's counsel stated that father did not object to the court's consideration of that Web site.[1] Using that Web site, the court concluded that father had both the ability and the opportunity to work, and imputed $1,387 in monthly income to him. The court also considered evidence that mother's expenses for child care and health insurance had increased. The court therefore reduced

_____

[1] Father's counsel made the following statement on the record: "Your Honor, I don't have a problem with the Court reviewing [the Web site]. I do—before the Court would decide that there's jobs that he would fit, I would argue that I would need to look at those as well to see if my client in fact could do those jobs, and if he would be suitable. Lot of times employers feel that an individual is overqualified and doesn't hire that individual for that purpose. There's also personality that goes into that. So I don't have an objection with the Court looking at that at this point, no." The trial court identified between 600 and 700 jobs available in the high desert area, and acknowledged that father would not qualify for all of them, when determining minimum wage income should be imputed to father.

3

the amount of child support to be paid to father by mother from $866 per month to $453 per month.  Father timely appealed from that order.

DISCUSSION

A child support order is reviewed for abuse of discretion.  (*In re Marriage of Lim & Carrasco* (2013) 214 Cal.App.4th 768, 773.)  We also review the trial court's imputation of income for abuse of discretion.  (*In re Marriage of Destein* (2001) 91 Cal.App.4th 1385, 1393.)  The court's findings of fact supporting its order are reviewed for substantial evidence.  (*In re Marriage of Rothrock* (2008) 159 Cal.App.4th 223, 229-230.)

"The court may, in its discretion, consider the earning capacity of a parent in lieu of the parent's income, consistent with the best interests of the children." (Fam. Code, § 4058, subd. (b).)  "'Earning capacity is composed of (1) the ability to work, including such factors as age, occupation, skills, education, health, background, work experience and qualifications; (2) the willingness to work exemplified through good faith efforts, due diligence and meaningful attempts to secure employment; and (3) an opportunity to work which means an employer who is willing to hire.'"  (*Mendoza v. Ramos* (2010) 182 Cal.App.4th 680, 685.)

Father argues that the trial court improperly imputed income to him because there was not proof of an employer willing to hire him.  He also contends insufficient evidence showed that imputing income to him would be in the children's best interests.

In *In re Marriage of LaBass & Munsee* (1997) 56 Cal.App.4th 1331, 1339, the court held that once the husband established the wife was able to and qualified for work and there were job vacancies in her field of employment, the imputation of income to the wife was justified.  The husband did not have the burden to prove the wife would have secured employment; to the contrary, at that point, the burden shifted to the wife to

4

show that despite her reasonable efforts, she could not secure employment. (*Ibid.*; see *In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375, 1391.)

Similarly, neither the Department nor mother was required to prove there was a particular employer willing to hire father in order for income to be imputed to him. Evidence was presented to the trial court that father was able to work and qualified for work, and there were job vacancies in the high desert area at minimum wage. Nothing more was required.

*County of Yolo v. Garcia* (1993) 20 Cal.App.4th 1771, and *In re Marriage of Bardzik* (2008) 165 Cal.App.4th 1291, on which father relies, are distinguishable. In *County of Yolo v. Garcia*, *supra*, 20 Cal.App.4th at pages 1774-1775, the trial court imputed the minimum wage to the mother in an action by the county seeking reimbursement for foster care benefits paid on behalf of the mother's child, pursuant to the federal Aid to Families with Dependent Children program. The appellate court concluded that while the mother was the sole caretaker for another young child, she was statutorily exempt from seeking work, and therefore income could not be imputed to her. (*Id.* at pp. 1775-1780; see *In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 211-212 [distinguishing *County of Yolo v. Garcia*].) In *In re Marriage of Bardzik*, *supra*, 165 Cal.App.4th at page 1295, in requesting that the trial court impute income to the mother, the father offered evidence of the mother's salary before her retirement; the father, however, failed to offer any evidence of the mother's ability and opportunity to work after her retirement. In the present case, there was substantial evidence before the trial court of father's ability and opportunity to work.

Additionally, there was evidence from which the trial court could properly infer that imputing income to father was in the children's best interests. Mother testified that if her child support was not reduced, she might lose her home. Mother also testified her child care expenses and health insurance expenses had increased.

5

Father contends mother's request filed on October 19, 2012 was actually a motion to reconsider the October 15 order. Father argues the December 17 order was improper because it was not heard by the same judicial officer who conducted the October 15 hearing, and because mother failed to establish a change of circumstances. We need not determine whether the initial request was a motion for reconsideration because when the trial court made its order in December, it was conducting a review hearing, not a motion for reconsideration. At the October 15 hearing, the trial court set a review hearing for January 2013 to review father's work search and to review child support. When the trial court initially considered mother's October 19 request, it continued the hearing on the request and advanced the January 2013 review hearing to December 17, 2012. Therefore, the hearing conducted on December 17 was not a hearing on a motion to reconsider, but a review hearing.

There was no error in having a different judicial officer conduct the review hearing. Unlike Code of Civil Procedure section 1008, subdivision (a), which requires that a motion for reconsideration be presented to the same judge or court that made the original order, a subsequent application for the same order under section 1008, subdivision (b) need not. (*Deauville Restaurant, Inc. v. Superior Court* (2001) 90 Cal.App.4th 843, 849-850.)

In addition, because the December 17, 2012 hearing was a review hearing at which child support was scheduled to be discussed and reviewed, a material change of circumstances was not required. Even if a change of circumstances was required, mother made the required showing by establishing her health insurance and child care expenses were higher than she had anticipated at the October 15 hearing.

Father also argues that the trial court did not rely on any evidence when it imputed minimum wage income to him. At the hearing, the trial court relied on the USworks.com Web site to identify job opportunities in father's locality. The court's findings were based on facts, not speculation. We find no error.

6

DISPOSITION

The order is affirmed.  The Department to recover its costs on appeal.



FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.