Filed 7/26/21  Goossen v. Daily CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TIFFANY GOOSSEN et al., | B307660 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 19CHCV00772) |
| v. | |
| IAN DAILY et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Greenacre Law and Josué Cristóbal Guerrero, for Defendants and Appellants.

Eric Bensamochan for Plaintiffs and Respondents.

———————————

Tiffany Goossen and Kennedy Sweis (plaintiffs) sued Deena Ridha and Ian Daily (defendants) for claims arising out of an alleged breach of an investment agreement.  When defendants

failed to respond to the complaint, default was entered against them. Defendants moved to set aside entry of default under the mandatory provision of Code of Civil Procedure section 473, subdivision (b).[1] The trial court denied the motion, finding that their attorney's declaration did not meet the requirements of that provision. Defendants then moved for reconsideration. That motion too was denied. Defendants appeal, contending that the default judgment entered against them must be reversed because the trial court abused its discretion in denying their motions. We disagree and affirm the judgment.

## BACKGROUND

I.      The lawsuit and defendants' default

Plaintiffs and defendants entered into an agreement under which plaintiffs invested in Chill Distro LLC, a cannabis distribution company. Sweis invested $25,000 in the company, and Goossen invested $50,000. Based on allegations, for example, that defendants never intended to use plaintiffs' money to fund the company, shares of the company never existed, and defendants never intended to honor the agreement, plaintiffs sued defendants for fraud by misrepresentation, nondisclosure, and concealment; breach of contract; accounting; and common count, money had and received.[2]

Plaintiffs served the summons and complaint, and defendants' response was due by or on November 18, 2019. When defendants failed to respond to the complaint, plaintiffs

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.
[2] Plaintiffs also sued Chill Distro LLC, but it is not a party to the appeal.

2

requested entry of default on November 21, 2019, and the clerk entered default that same day. Thirty minutes after the request for entry of default was filed, defendants filed a declaration for an automatic extension to file a responsive pleading under section 430.41, subdivision (a). Attorney Josué Guerrero declared that the day before the request for entry of default was filed, he called plaintiffs' counsel to meet and confer about filing a demurrer, but a receptionist said plaintiffs' counsel was unavailable.

II.     Defendants move to set aside entry of default.

Hearing nothing from plaintiffs' counsel, defendants moved to set aside the entry of default under the mandatory relief provision of section 473, subdivision (b). Attorney Edna Fok declared under penalty of perjury that defendants retained her and Guerrero's law firm on November 20, 2019—two days *after* the responsive pleading was due. Immediately on being retained, Guerrero tried to meet and confer with plaintiffs' counsel and filed the declaration for an automatic extension. After laying out these facts, Fok stated, "But for the said mistake, inadvertence, and/or surprise, Defendants would have filed a responsive pleading within a timely manner. Therefore, I respectfully request that the Court vacate the Dismissal entered against Defendants pursuant to CCP § 473(b) and on grounds of mistake, inadvertence, surprise, and/or excusable neglect."

Plaintiffs opposed the motion, arguing that defendants did not qualify for mandatory relief because Fok's declaration established that counsel could not have caused the default, as defendants retained counsel *after* the responsive pleading was due. Defendants thus delayed retaining counsel. And, to the extent the motion sought discretionary relief, Fok's declaration failed to show that the default was due to the clients' mistake,

3

surprise, or excusable neglect. Plaintiffs' counsel also denied that defense counsel called him to meet and confer.

The hearing on the motion to set aside entry of default was held telephonically. According to Fok, she did not have the tentative ruling before the hearing, so she did not have the opportunity to respond to it.[3] The trial court denied the motion. In its written order, the trial court noted that defendants had requested relief under only the mandatory provision of section 473, subdivision (b). However, Fok's admission that defendants retained her firm *after* the responsive pleading was due precluded relief under that provision. The trial court said, "As such, the failure to file a timely responsive pleading was not the fault of counsel as they had not been retained at the time the pleading was due." The trial court further noted that defendants' declaration for an automatic extension under section 430.41, subdivision (a)(2), was untimely, so that section similarly provided no basis for relief from default. Finally, the trial court noted that defendants had not filed a reply in support of the motion.

III.    Defendants file an untimely reply.

After the hearing, defense counsel received the written order and realized that the reply brief in support of the motion to set aside entry of default had never been filed. Counsel immediately filed the reply, which argued for relief under the discretionary provision of section 473, subdivision (b). In a supporting declaration under penalty of perjury, Daily said he thought he had retained counsel when defendants initially consulted with the attorney on October 31, 2019, which was

---

[3] The hearing was unreported.

4

before the responsive pleading was due. He signed a retainer agreement that day but did not realize he had to pay a retainer before counsel would commence representation. Daily left town, believing he had retained counsel. When Daily returned to town the week of November 18, 2019, he saw emails about finalizing his payment arrangement with counsel. On November 20, 2019, he officially retained counsel. The failure to file a timely response to the complaint was therefore due to Daily's "reasonable mistake" in thinking he had timely retained counsel.

IV.    Defendants move for reconsideration.

Defendants moved for reconsideration of the order denying their motion to set aside entry of default. The motion raised three grounds for reconsideration. First, defendants' untimely reply was a new or different fact, as required by section 1008. Second, Daily mistakenly believed he had retained counsel in time to respond to the complaint, so relief was appropriate under section 473, subdivision (b). Third, relief under section 473, subdivision (d), was proper because the clerk improperly entered default when an automatic extension was in effect. In support of the motion, defense counsel explained why the reply brief had not been timely filed: although she had timely prepared the reply and instructed the firm's litigation secretary to file it, the secretary failed to file it.

Plaintiffs argued in opposition that the supposed new or different fact warranting relief—the reply containing Daily's declaration—could have been presented in the moving papers to the motion to set aside default. Therefore, the reply was not a new or different fact. And, even if the reply had been timely filed, it improperly raised a new ground for relief that should have been raised in the moving papers. Finally, no clerical error

5

occurred warranting relief under section 473, subdivision (d), because defendants' request for an automatic extension was untimely.

The trial court denied the motion for reconsideration. It found that the information in the reply was not a new fact because it was available when the motion was filed. Also, the reply impermissibly raised a new theory of relief. The trial court also pointed out that defendants had again changed their position by asserting in their reply to the motion for reconsideration that Daily's mistaken belief he had retained counsel before the responsive pleading was due was attributable to defense counsel's lack of clarity about the retainer. Finally, the trial court repeated that no clerical error occurred.

On August 24, 2020, the trial court entered judgment by default in the amount of $75,000. This timely appeal followed.

## DISCUSSION

Defendants argue that the default judgment must be reversed for four reasons: (1) entry of default violated section 430.41, subdivision (a)(2); (2) the trial court abused its discretion by denying the motion to set aside default under the mandatory and discretionary provisions of section 473, subdivision (b); (3) the trial court abused its discretion by denying the motion for reconsideration; and (4) the default judgment was improperly entered because the complaint did not state facts sufficient to constitute a cause of action. We now address, and reject, each in turn.

I.     Entry of default did not violate section 430.41, subdivision (a)(2).

Three days after defendants' responsive pleading to the complaint was due, defendants filed a declaration for an automatic extension under section 430.41, subdivision (a)(2). That section requires a party to meet and confer before filing a demurrer.  If parties are unable to meet and confer at least five days before the demurrer is due, then the demurring party shall be granted an automatic 30-day extension to file a demurrer. (§ 430.41, subd. (a)(2).)  To obtain the automatic extension, the demurring party must file and serve, *on or before the date the demurrer would be due*, a declaration stating under penalty of perjury that a good faith attempt to meet and confer was made or why the parties could not timely meet and confer.  (*Ibid.*)

Thus, to obtain an automatic extension, defendants had to file their declaration on or before November 18, 2019, when their responsive pleading was due.  But they did not file the declaration until three days later.  It was therefore untimely, and defendants were not entitled to an automatic extension.  For this reason, we also reject defendants' related argument that the default judgment must be set aside as void under section 473, subdivision (d),[4] because the clerk entered default while the automatic extension was in effect.  As we have said, an automatic

---

[4] Section 473, subdivision (d), provides that a "court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

7

extension was not in effect, so section 473, subdivision (d), does not apply.

II.    The trial court did not abuse its discretion by denying the motion to set aside entry of default.

Defendants next contend that their motion to set aside entry of default should have been granted under both the mandatory and discretionary provisions of section 473, subdivision (b).  We disagree.

Section 473, subdivision (b), permits a party or its legal representative to be relieved from the consequences of a dismissal entered as a result of mistake, inadvertence, surprise, or neglect.  The section has mandatory and discretionary provisions.  To obtain relief under the mandatory provision, an attorney must submit a sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, and showing that the mistake, inadvertence, surprise, or neglect in fact caused the dismissal or entry of default.  (§ 473, subd. (b).)  The purpose of the mandatory relief provision is (1) to relieve the innocent client of the consequences of the attorney's action, (2) to place the burden on counsel, and (3) to discourage legal malpractice actions.  (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 439.)

The discretionary provision of section 473, subdivision (b), applies when no attorney affidavit of fault is filed.  Under that provision, a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  The moving party has the burden to show that the neglect leading to default was excusable, and the

8

acts bringing about the default must have been those of a reasonably prudent person. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.)

We review a trial court's ruling on a request under section 473, subdivision (b), for relief from default for abuse of discretion. (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929.) But, if the applicability of the mandatory provision does not turn on disputed facts and instead presents an issue of law, then the trial court's ruling is subject to de novo review. (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 484.)

As the trial court here found, defendants initially moved to set aside entry of default under only the mandatory provision of section 473, subdivision (b). However, as the trial court also found, the attorney affidavit failed to show that defendants' counsel made any mistake or otherwise engaged in any act showing defendants' entitlement to relief. Instead, defendants consulted the attorney before the responsive pleading was due, but did not retain the firm until *after* it was due. The attorney said nothing about any mistake or neglect her firm made regarding their retention. And, once retained, counsel tried to remedy the situation by calling plaintiffs' counsel to meet and confer and filing the (untimely) request for an automatic extension.

The attorney affidavit thus not only failed unequivocally to admit error (see, e.g., *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 916 [affidavit must admit error]), it admitted that the firm was not representing defendants when the responsive pleading was due. Where, as here, an attorney did not represent the client when the default occurred, mandatory relief is unavailable

9

because the attorney did not cause the entry of default. (*Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 909, 912.) Accordingly, whether we review the issue de novo or for an abuse of discretion, the trial court properly denied relief under the mandatory provision of section 473, subdivision (b).

Nor were defendants entitled to relief under the discretionary relief provision of section 473, subdivision (b), for the simple reason they did not ask for it. The trial court clearly did not abuse its discretion by failing to grant relief never requested. To be sure, defendants asked for discretionary relief in their reply brief. But they filed that reply *after* the hearing on the motion and *after* the trial court had issued its order denying the motion. Therefore, the earliest opportunity the trial court had to consider the reply and its request for discretionary relief was in connection with the motion for reconsideration, to which we now turn.

II.    The trial court did not abuse its discretion by denying the motion for reconsideration.

In moving for reconsideration, defendants cited their untimely reply in support of the initial motion as a new or different fact justifying relief and Daily's declaration as evidence they made a reasonable mistake about when they retained counsel. As we now explain, the trial court did not err in finding that these supposedly new facts did not provide grounds for relief.

A. *Standard of review*

As an initial matter, we note that it is unclear whether defendants' motion for reconsideration was brought solely under section 1008 or whether defendants also intended to renew their

10

section 473, subdivision (b), motion. The notice of motion did not clearly state it was based on one or both sections, and the memorandum of points and authorities focused on section 1008, never clearly referring to a renewed motion under section 473, subdivision (b). Indeed, the words "renewed motion" do not appear in the record or in the briefs on appeal, and the trial court did not address any such motion. Thus, to the extent defendants were attempting to renew their section 473, subdivision (b), motion, their lack of clarity constitutes a forfeiture of the issue. Neither the trial court nor we have an obligation to decipher a party's opaque intentions. (See, e.g., *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [we do not develop arguments for appellant].) Moreover, even if defendants were renewing their motion under section 473, subdivision (b), they had to satisfy the requirements of section 1008 (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 833 (*Even Zohar*), which, as we explain, they failed to do.

Section 1008 requires parties to move for reconsideration of an order within 10 days after service of notice of entry of the order, and the request must be based on new or different facts, circumstances, or law. (*Case v. Lazben Financial Co.* (2002) 99 Cal.App.4th 172, 179.) A party seeking reconsideration also must satisfactorily explain the failure to produce the evidence at an earlier time. (*Even Zohar*, *supra*, 61 Cal.4th at p. 839; *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.) If these prerequisites are not satisfied, a trial court acts in excess of its jurisdiction in granting a motion for reconsideration. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690.)

11

We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*New York Times Co. v. Superior Court*, *supra*, 135 Cal.App.4th at p. 212.)

B. *The motion for reconsideration did not satisfy the requirements of section 1008.*

Defendants assert that their untimely reply in support of their motion to set aside entry of default was a new or different fact within the meaning of section 1008. In that reply, Daily explained that he thought he had retained counsel before the responsive pleading was due on November 18, 2019. He left town and returned the week of November 18, only to discover he had "missed emails regarding finalizing the alternate payment arrangement agreement" with the law firm.[5] Due to his "reasonable mistake," a timely response to the complaint was not filed.

The untimely reply, however, was not a new or different fact. (Compare *Johnson v. Corrigan* (2005) 127 Cal.App.4th 553, 556 [trial court's failure to consider *timely* filed memorandum of points and authorities was new circumstance justifying reconsideration].) Rather, the reply and Daily's accompanying declaration asked for discretionary relief based on facts known to defendants when they filed their moving papers to set aside entry of default. Defendants offered no explanation for their failure to diligently present those facts in the moving papers in support of the earlier motion as section 1008 requires. And, although the

---

[5] It is unclear what the reference to the "alternate payment arrangement" means and why it is relevant to any mistake Daily made about when he retained his attorney.

trial court made no express credibility findings, it reasonably could have believed that defendants strategically chose to move only under the mandatory provision, and then to seek discretionary relief via the reply only after mandatory relief was denied.

Even if the trial court agreed that the failure to timely file the reply was due to defendants' attorney's excusable neglect or mistake, the trial court said it would have otherwise exercised its discretion to disregard the reply because it asserted a new ground for relief. It is generally improper to raise new theories of relief or evidence in a reply, and a trial court has broad discretion to disregard legal arguments or other matters not presented in a party's moving papers. (See, e.g., *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537 [motion practice general rule is new evidence not permitted with reply]; *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 310 [summary judgment reversed because trial court erred in considering evidence first submitted with reply]; *Plenger v. Alza Corp.* (1992) 11 Cal.App.4th 349, 362, fn. 8 [new evidentiary matter in reply allowed only in exceptional cases].)

The moving papers in support of setting aside entry of default raised only attorney fault under the mandatory relief provision. But the reply argued that the mistake was Daily's under the discretionary relief provision. The reply therefore did not, as defendants argue on appeal, merely rebut arguments raised in plaintiffs' opposition or simply "expand" on "the narrative" in the moving papers. Rather, the moving papers and the reply presented two different grounds for relief based on two different sets of disputed facts. Indeed, defendants admit as much when they say that if the reply had been timely filed, then

13

plaintiffs could have asked for a continuance to respond to the new matter in the reply.

Finally, defendants' assertion that they were entitled to mandatory relief on reconsideration because their counsel failed to timely file the reply conflates the issues. Counsel's failure timely to file the reply is irrelevant to setting aside entry of default. Stated otherwise, counsel's failure to timely file the reply is not why default was entered.

III. The complaint states facts sufficient to constitute a cause of action.

Defendants' final argument why the default judgment should be reversed is the complaint failed to state facts sufficient to state a cause of action. While an appellant may object that the complaint failed to state facts sufficient to constitute a cause of action on appeal from a default judgment (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 282), that objection fails here. Defendants argue only that the fraud- and contract-based causes of action failed to allege sufficient facts. However, defendants do not address the common count for money had and received in the amount of $75,000, the amount awarded to plaintiffs. Thus, even if defendants were correct that the fraud and contract causes of action were not properly alleged, the unchallenged common count cause of action supports the default judgment.

## DISPOSITION

The judgment is affirmed.  Tiffany Goossen and Kennedy Sweis may recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

KALRA, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.