Filed 9/3/13  Gamboa v. Molina CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| RAUL GAMBOA, | B244650 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS 139426) |
| v. | |
| PEDRO ANASTACIO MOLINA, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court for the County of Los Angeles.  Mark Luevano, Temporary Judge, and Carol Boas Goodson, Judge.  Affirmed.

Raul Gamboa, in pro. per., for Plaintiff and Appellant.

Pedro Anastacio Molina, in pro. per., for Defendant and Respondent.

_____

**SUMMARY**

Plaintiff Raul Gamboa appeals from orders denying his request for a civil harassment restraining order against defendant Pedro Anastacio Molina, plaintiff's brother-in-law, and denying his motion for reconsideration. We affirm the orders.

**FACTS**

On September 19, 2012, plaintiff filed a request for a civil harassment restraining order against defendant. Plaintiff alleged a three-year "pattern & practice of harassment & intimidation," with the most recent harassment being defendant's July 2, 2012 request for a temporary restraining order (TRO) against plaintiff, a request that was denied. The alleged harassment began in late 2008, after plaintiff began the process of evicting defendant and his wife, plaintiff's sister, from the premises where they resided, near plaintiff's home.

Plaintiff sought, in addition to stay-away orders, an order that defendant "[m]ay not file any[] [c]laim accusing [plaintiff and family members] of wrong doing with any public or private entity including: employers; social medium without notifying the Court within the next business [day] of your actions & providing a copy of this Order to the entity/agency." Plaintiff sought an immediate order "that the office of L.A. District Attorney, Child Protective Services & Law Enforcement be notified of this order."

Plaintiff's description of the alleged harassment recited events occurring from September 2008 through July 2012. These included: (1) a report of child abuse and neglect by plaintiff and his wife in September 2008, by an anonymous caller (allegedly defendant), concluded as unfounded; (2) an office hearing before the district attorney on September 30, 2008, based on charges by defendant's wife that plaintiff committed a battery (dismissed by the district attorney); (3) a criminal misdemeanor proceeding that began in December 2008, in which defendant complained that plaintiff brandished a weapon and made criminal threats; plaintiff was found not guilty in August 2010, and his petition to seal and destroy the arrest records under Penal Code section 851.8 was granted in August 2011; (4) a notification from the Department of Fair Employment and Housing in June 2009 of the closure of a discrimination complaint defendant and his wife made

2

against plaintiff and his wife after plaintiff evicted defendant; and (5) the closure in October 2010 by the Department of Children and Family Services of another allegation of abuse and neglect of plaintiff's children, with a finding that the allegation was false.

A criminal protective order restraining plaintiff during the criminal trial was issued in January 2009 and terminated on August 26, 2010. Also during the criminal proceeding, more claims were made by defendant of criminal threats made by plaintiff, prompting the district attorney to seek to take plaintiff into custody in October 2009; these claims were not proved. In March 2009, plaintiff's son reported a death threat against him made by an unknown person. Plaintiff asserted (in this proceeding) the lug nuts on his tire were loosened in November 2009 (and again in July 2011). Plaintiff submitted a letter dated April 8, 2011, from Foothill Family Service, stating his daughter was being treated for various behavioral and mental health symptoms, which "should have a lot to do with her experiences at home when there were a lot of dramas going on due to [defendant] making complaints about her father and calling the police causing police to come frequently to her house and stressing her out." On January 30, 2012, plaintiff reported to police a phone call from a person whose voice he did not recognize, telling him "we know how to get you in problems," and "we know you have guns."

Finally, on July 2, 2012, defendant requested a domestic violence restraining order against plaintiff, saying that on June 30, 2012, plaintiff drove by his house and pointed something at him "as if he was going to shoot me," but defendant could not see what it was. Defendant asserted that plaintiff had threatened numerous times to kill him, and defendant was afraid plaintiff would carry out his threats. After a contested hearing on July 19, 2012, with testimony from plaintiff, defendant and defendant's wife, the court denied the request for restraining orders, finding defendant failed to carry his burden of proof that plaintiff had committed or threatened domestic violence or equivalent conduct.

Two months later, plaintiff filed the request for civil harassment restraining orders against defendant, as we have just described. (Plaintiff tried to file his civil harassment petition in Pomona in mid-August, but the filing clerk informed him he had to file in Pasadena, where plaintiff resided. When he tried to file in Pasadena, a clerk informed

3

him he could not file the action against a relative and would be required to file for a domestic violence restraining order.  He did so, but sought further advice, and then filed the current action at the Stanley Mosk courthouse.)

On October 11, 2012, after a contested hearing before Temporary Judge Mark Luevano, the court denied plaintiff's request.

There is no transcript of the contested hearing at which the court denied plaintiff's request for a civil harassment restraining order.  In a motion for reconsideration plaintiff filed on October 23, 2012, plaintiff states the court informed plaintiff that the acts he described "did not rise to a basis for harm to Plaintiff by which he could seek relief though granting of a restraining order"; that the filing of court actions against plaintiff by defendant "did not constitute a basis for action by Plaintiff"; and that "any acts . . . by [defendant] resulting in [plaintiff's] daughter['s] harm while unfortunate did not meet the requirements for issuance of a Restraining Order."

Plaintiff filed a notice of appeal on October 17, 2012.  His motion for reconsideration was argued and denied on November 28, 2012, the court (Judge Carol Boas Goodson) finding plaintiff had not presented any new facts.

### DISCUSSION

Code of Civil Procedure section 527.6 (section 527.6) authorizes a person who has suffered harassment to seek an injunction prohibiting harassment.  (§ 527.6, subd. (a)(1).)  "Section 527.6 was enacted 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.'  [Citations.]  It does so by providing expedited injunctive relief to victims of harassment."  (*Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1412.)

Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.  The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)  An injunction "shall issue prohibiting the harassment" if the court

4

finds "by clear and convincing evidence that unlawful harassment exists . . . ." (§ 527.6, subd. (i).)

Section 527.6 defines a "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or computer email." (§ 527.6, subd. (b)(1).) However, "[c]onstitutionally protected activity is not included within the meaning of 'course of conduct.'" (*Ibid.*)

Generally, the standard of review for an order denying injunctive relief is abuse of discretion. (See *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1137 [citing authority concluding that "issuance or failure to issue a protective order under the DVPA [(Domestic Violence Prevention Act, Fam. Code, § 6200 et seq.)] is reviewed for abuse of discretion"; "injunctions issued under Code of Civil Procedure section[] 527.6 . . . , which prohibit[s] civil harassment, are reviewed to determine whether the necessary factual findings are supported by substantial evidence"].)

Plaintiff makes several arguments.

First, plaintiff contends the trial court abused its discretion by applying a standard applicable to domestic violence matters (ongoing acts of violence) rather than the standard for section 527.6 civil harassment "resulting in intentional infliction of emotional harm and economic loss." Plaintiff says the hearing was "short and abbreviated"; the court informed him "it had reviewed the record submitted and that there were no current acts of violence that would allow the Court to issue a TRO to prevent any acts of violence"; and the court "failed to take into account" that plaintiff was asking the court "to restrain defendant from continuing to drag him into court costing him money and lost wages and aggravating causing [*sic*] a relapse in his daughter['s] depression for which she was back on medication as a direct result of Defendant's request for TRO on July 19, 2012." Plaintiff also asserts defendant was "a vexatious litigant" and "harassed

5

[plaintiff] by means of abuse of process," and so plaintiff should have been allowed to proceed with his claim.

But plaintiff's brief itself shows the court reviewed the record and was fully cognizant of the nature of plaintiff's claims. Plaintiff's brief and motion for reconsideration indicate the court told plaintiff the conduct he described "did not rise to a basis for harm to Plaintiff by which he could seek relief through granting of a Restraining Order"; the filing of court actions against plaintiff "did not constitute a basis for action by Plaintiff"; and "any acts . . . by [defendant] resulting in [plaintiff's] daughter['s] harm while unfortunate did not meet the requirements for issuance of a Restraining Order."

We cannot say the trial court abused its discretion. Most of the conduct plaintiff alleged involves "constitutionally protected activity," namely, defendant's right to petition government authorities for redress of grievances. Section 527.6 excludes constitutionally protected activity from the definition of a course of conduct constituting harassment: "Constitutionally protected activity is not included within the meaning of 'course of conduct.'" (§ 527.6, subd. (b)(1).) As for the other conduct plaintiff alleged, the most recent was plaintiff's report to the police of the telephone threat on January 30, 2012, from a person whose voice plaintiff did not recognize, so the court correctly concluded there were no current acts of violence to justify a restraining order. And, while there may be other modes of redress for the vexatious filing of baseless claims and misuse of the courts (see, e.g., Code Civ. Proc., § 391 et seq.), the civil harassment statute does not provide such redress.

Second, plaintiff challenges the denial of his motion for reconsideration. But, as the trial court concluded, plaintiff bases his claim on the same facts he presented to the trial court in the first instance, and a motion for reconsideration must be "based upon new or different facts, circumstances, or law . . . ." (Code Civ. Proc., § 1008, subd. (a); see *New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 208.)

Third, in the "conclusion" part of his brief, plaintiff contends his due process rights were violated when he was denied his right to file his request for civil harassment restraining orders in Pomona, and when the Pasadena clerk refused to accept his filing.

6

(Plaintiff wanted to file at the Pomona courthouse because a hearing officer there had heard and ruled on defendant's July 2, 2012 petition against plaintiff and was familiar with the parties, the history and the records.)  The only legal authority plaintiff cites is the Los Angeles County Superior Court form, under Local Rules, rule 2.0, that indicates a civil harassment petition may properly be filed where the cause of action arose or where one or more of the parties reside.  (LACIV 109 (rev. 03/11).)  But a civil harassment petition may also be filed "in central"; the presiding judge is authorized to apportion the business of the court (Cal. Rules of Court, rule 10.603(b)(1)(B)); and in any event the fact that a matter is heard in a courtroom other than the one preferred by a litigant does not violate the litigant's right to due process of law.

## DISPOSITION

The orders are affirmed.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.