Filed 2/13/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ISMAEL TORRES, JR., an Incompetent Person, etc., | B294220 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC608065) |
| v. | |
| DESIGN GROUP FACILITY SOLUTIONS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Reversed.

Law Offices of Berglund & Johnson and Daniel W. Johnson for Plaintiff and Appellant.

Lynberg & Watkins, Michael J. Larin, Jerome P. Doctors; London Fischer, Richard S. Endres, Nicholas W. Davila and Grant R. Mullen for Defendant and Respondent.

————————————

Ismael Torres, Jr. sued Design Group Facility Solutions, Inc. (Design) for personal injuries after he fell through a skylight at a construction site. Design moved for summary judgment. The trial court initially denied the motion. Design moved for reconsideration based on new evidence under Code of Civil Procedure[1] section 1008, subdivision (a). At the hearing on the motion, the trial court granted reconsideration and, at the same time, granted the motion for summary judgment without giving Torres an opportunity to respond to the new evidence. We find the trial court abused its discretion. We hold that a party unsuccessfully moving for summary judgment cannot circumvent the requirements of section 437c by subsequently moving for reconsideration under section 1008, subdivision (a).

## BACKGROUND

Design was hired as the general contractor to renovate and expand a seafood processing facility. As part of the project, Design subcontracted with C&L Refrigeration (C&L) to install new refrigeration units. C&L in turn hired H.J. Vast (Vast) as a sub-subcontractor to do electrical work. Torres was an employee of Vast.

The renovation required workers to be on the roof, which contained skylights. The roof was roughly divided into western and eastern sections by a pipe rack with the skylights on the western section closer together than the skylights on the eastern section. Design and C&L discussed the safety hazard posed by the skylights. To address the hazard, C&L created a pathway on the roof, requiring its workers to walk due west and delineating

---

[1] All further statutory references are to the Code of Civil Procedure.

certain paths of travel with caution tape.  The eastern section of the roof was unmarked.  While working on the eastern section of the roof, Torres tripped and crashed through a skylight, falling 33 feet.

Torres sued Design for damages as a result of his injuries.  Design moved for summary judgment, arguing Torres's claims were barred by *Privette v. Superior Court* (1993) 5 Cal.4th 689, which generally shields a hirer from liability for an independent contractor's workplace injuries.  The summary judgment hearing was continued for several months at Torres's request so that he could conduct additional inspections and depositions.  Before Torres filed his opposition, several witnesses were deposed, including Design's construction site manager, Vast's project foreman, C&L's safety coordinator, the Vast employee who witnessed Torres's fall, and Torres himself.  Torres included some of this new discovery in his opposition.

The trial court denied Design's motion, finding that there were triable issues of fact as to whether Design retained sufficient control over the work site and whether Design's negligence contributed to Torres's injuries.  The trial court relied on Design's construction site manager's statement that he would check to see if the delineators marking the roof pathway were connected with tape, rope, or some other kind of line.  The trial court found that this statement created an inference that Design affirmatively exercised its control by establishing a pathway and periodically checking the safety delineators on site and that its negligence in doing so resulted in injury.

Design then moved for reconsideration under section 1008, subdivision (a) based on new facts, submitting that it was unable to provide the trial court with the deposition testimony of

3

witnesses taken by Torres and C&L after Design moved for summary judgment. This included statements from Vast's project manager that his communications were strictly with C&L, that Vast had its own safety practices, and that he orally instructed Vast employees where to walk. Design submitted the new evidence via attorney declaration with attached deposition excerpts, but did not provide a supplemental separate statement.

Torres opposed reconsideration on the basis that the motion did not meet section 1008, subdivision (a)'s requirement that the moving party show new or different facts. Torres contested whether the deposition testimony was in fact new because it was available one to five months before the summary judgment hearing, albeit not before Design filed its motion. Torres also asserted that Design failed to provide a supplemental or amended motion that complied with the rules governing summary judgment, including the requisite 75 days' notice. (See § 437c, subd. (a)(2).) Alternatively, Torres submitted that Design should have applied ex parte for permission to introduce the additional evidence. "[W]e should be able to have the opportunity to respond with like evidence and know exactly what facts we're talking about . . . with respect to the summary judgment rules."

The trial court addressed both the motion for reconsideration and the motion for summary judgment in one ruling. The trial court first granted the motion for reconsideration, finding that the deposition testimony taken after Design moved for summary judgment but before the summary judgment hearing, constituted new evidence that was previously unavailable. It also noted, ironically, that it would have violated Torres's right to due process if it allowed Design to introduce this evidence in its reply to Torres's opposition to summary judgment.

4

The trial court found the new evidence dispositive of Torres's claims and granted the motion for summary judgment.

## DISCUSSION

Torres raises two issues on appeal. First, he argues the trial court erred when it granted Design's motion to reconsider the motion for summary judgment because Design did not show new or different facts since they were available to Design before the summary judgment hearing. Second, Torres claims by granting the motion to reconsider in the manner it did, the trial court deprived him of his due process right to respond to the new evidence. We offer no opinion on the merits of the first argument but find that the trial court abused its discretion by granting Design's motion for reconsideration under section 1008, subdivision (a) when it was essentially a renewed summary judgment motion subject to the requirements of section 437c.

Section 1008, subdivision (a) allows a party to move for reconsideration of a prior order based on new or different facts or a change in law. If the motion to reconsider is based on new facts, the moving party must provide a satisfactory explanation for its failure to produce the evidence at an earlier time. (*Shiffer v. CBS Corp.* (2015) 240 Cal.App.4th 246, 255.) We review the trial court's ruling on a motion for reconsideration for abuse of discretion. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

As an initial matter, we offer no opinion on whether Design provided a satisfactory explanation for its failure to produce the evidence at an earlier time. For our purposes here, we presume the trial court was satisfied with Design's explanation.

Our concern, however, is that if we affirm the trial court's ruling, we would endorse a procedural bypass to the due process

5

protections afforded a party opposing summary judgment under section 437c.  While Design technically moved for reconsideration within the 10-day period under section 1008, subdivision (a), it was, in effect, a renewed motion for summary judgment under section 1008, subdivision (b) or section 437c, subdivision (f)(2).  (See *Graham v. Hansen* (1982) 128 Cal.App.3d 965, 970.)  Therefore, Torres was entitled to the procedural protections afforded to parties opposing summary judgment, including 75 days' notice and a separate statement of material facts.  (§ 437c, subds. (a)(2) & (b)(1); see *UAS Management, Inc. v. Mater Misericordiae Hospital* (2008) 169 Cal.App.4th 357, 367; *Schachter v. Citigroup, Inc.* (2005) 126 Cal.App.4th 726, 737–738.)  By granting the motion for reconsideration and then summary judgment at the same time, the trial court failed to enforce these protections and abused its discretion.

## DISPOSITION

The judgment is reversed.  Ismael Torres, Jr., is awarded his costs on appeal.

CERTIFIED FOR PUBLICATION.

DHANIDINA, J.

We concur:

EDMON, P. J.

LAVIN, J.

6