Filed 6/10/25 Tracy v. Bowen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

<table>
<tr><td>

MARK CHRISTOPHER TRACY,

    Plaintiff and Appellant,

v.

GARY BOWEN et al.,

    Defendants and Respondents.

</td><td>

H052028<br>
(Santa Clara County<br>
Super. Ct. No. 23CV423435)

</td></tr>
</table>

Mark Christopher Tracy appeals an order quashing service of summons and the complaint in his defamation suit against Gary Bowen, Cohne Kinghorn P.C., Jeremy Rand Cook, Eric Hawkes, Jennifer Hawkes, Michael Scott Hughes, David Bradford, David Bennion, Simplifi Company, Paul Handy Brown, and Kem Crosby Gardner (defendants).[1]  The trial court granted defendants' motions to quash for lack of personal jurisdiction, finding they were not subject to suit in California.  On appeal, Tracy contends there is sufficient evidence to support the exercise of personal jurisdiction.  Additionally, Tracy argues the court erred by considering defendants' amended declarations, prohibiting further jurisdictional discovery, and denying his reconsideration motion.  For the reasons discussed below, we affirm.

---

[1] The trial court separately granted motions to quash filed by Walter J. Plumb III and the personal representatives of R. Steve Creamer's probate estate.  Tracy's appeals from those two orders were dismissed (H052239, H053022).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tracy is a California resident who asserts he is "a federal whistleblower in what has alleged to be the longest and most lucrative water grabs in the history of the State of Utah." (*Sic.*) In 2014, he brought suit in Utah federal court under the federal False Claims Act, alleging a Salt Lake City law firm fraudulently retired senior water rights and misappropriated water claims on behalf of private land developers and a Utah public water district (ECID) for the expansion of a private luxury development. The suit was dismissed after multiple appeals.

Tracy subsequently brought the instant action against defendants in California state court, alleging libel, libel per se, false light, and intentional infliction of emotional distress. He alleged defendants published defamatory statements about him on the ECID website via a server located in San Jose, California to ensure continued payments from California property owners in furtherance of their ongoing fraud.[2] He also claimed defendants made additional defamatory statements to Utah residents and press members over the years. Tracy alleged defendants are Utah residents or corporations, but cited to California's long-arm statute under Code of Civil Procedure section 410.10[3] and the due process clause of the United States Constitution as grounds for the court's exercise of personal jurisdiction over defendants.

Defendants moved to quash service of the summons and complaint for lack of personal jurisdiction and, in the alternative, moved to dismiss based on inconvenient

---

[2] Tracy alleged defendants posted defamatory statements on the ECID website under the slogan "STAY INFORMED – GET THE FACTS!" but did not attach the post to the complaint or include it in the record. He also separately alleged E. Hawkes posted an article on the ECID website stating ECID " 'has been required to defend against a series of meritless lawsuits filed by [Tracy].' "

[3] Unspecified statutory references are to the Code of Civil Procedure.

forum.[4]  Each defendant denied residential and business ties to California, although Gardner disclosed a percentage interest in a timeshare located in California.  Tracy opposed the motions to quash and provided copies of emails exchanged with defendants discussing a separate sanctions motion for omitted evidence.  He requested a continuance to conduct jurisdictional discovery.  Prior to the hearing, Brown and Bowen submitted two amended declarations verifying the declarations were executed under California law.  Bowen also stated some of his self-published religious books may have shipped to California.

The trial court found it had no personal jurisdiction over defendants and granted defendants' motions to quash.  It determined all defendants were Utah residents or corporations with no substantial and continuous property interests or business ties to California.  The court also found there was no evidence of defamatory statements intentionally directed at California or read by California residents, of a conspiratorial relationship among defendants, or of any nexus between defendants' activities in California and Tracy's defamation claims.  In making its determination, the trial court considered two amended declarations by defendants, finding the declarations contained no new evidence.  The court also determined Tracy offered no factual basis to demonstrate the existence of additional relevant jurisdictional evidence and denied Tracy's request for additional jurisdictional discovery.

Tracy moved for reconsideration, and defendants opposed the motion.  The trial court denied Tracy's motion for reconsideration.  Tracy timely appealed the order granting the motions to quash.

---

[4] Defendants Kinghorn, Simplifi Company, Cook, E. Hawkes, J. Hawkes, Hughes, Bradford, and Bennion submitted a joint motion, while defendants Brown, Bowen, and Gardner submitted separate motions.

3

## II. DISCUSSION

Tracy argues he has met his burden to justify the exercise of personal jurisdiction over defendants through the undisputed facts stated within his verified complaint. He also contends the trial court erred by considering the amended declarations of two defendants and finding no defendant conducted business in California. Tracy argues the trial court's denial of additional jurisdictional discovery and the reconsideration motion was improper due to omissions within defendants' declarations.

Defendants argue the conclusory allegations in Tracy's verified complaint are insufficient to meet his evidentiary burden to justify the exercise of personal jurisdiction.[5] They state all defendants are Utah residents or corporations, Tracy's individual allegations against multiple defendants have no connection to California, and posting information on a website routed through California is insufficient to establish personal jurisdiction. They also argue Tracy was not prejudiced by the consideration of defendants' amended declarations and maintain the trial court properly denied Tracy's request for additional jurisdictional discovery and motion for reconsideration.

### A. *Evidentiary Objections*

The parties disagree whether the court erred by considering the amended declarations filed by defendants Brown and Bowen. Tracy argues the court should not have accepted the amended declarations because they contained new evidence, were amended without notice, and were considered without providing an opportunity to be heard. Defendants contend Brown and Bowen made no substantive changes to their amended declarations, and Tracy was not prejudiced by their consideration.

---

[5] Tracy argues defendants' brief, refiled on its due date after originally being rejected, was untimely served and includes an incorrect certificate of service. He also argues Gardner's response brief was untimely filed. He contends both should be stricken in their entirety. Gardner's response brief was timely filed after a default notice was issued. We also conclude the untimely service, if any, did not prejudice Tracy because he was given the opportunity to—and did—respond to both briefs. We deny the request to strike the defendants' briefs.

4

A trial court may consider new evidence submitted with the reply when the new evidence poses no prejudice to the opposing party. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1193.) We review the trial court's evidentiary rulings for abuse of discretion. (*People v. Clark* (2016) 63 Cal.4th 522, 597.)

Brown and Bowen changed the attestations in their amended declarations to add a verification stating the declarations were signed under penalty of perjury under the laws of California. Bowen also included new information regarding his book sales in California. Tracy was put on notice and given the opportunity to respond to the changes at the hearing because the amended declarations were filed prior to the hearing. (See *Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537-1538 [the other party should be given the opportunity to respond if additional evidentiary material is allowed on reply].) We conclude the amended declarations contained non-substantive or clarifying changes and did not prejudice Tracy. The trial court did not abuse its discretion by considering Brown and Bowen's amended declarations.

B. *Personal Jurisdiction*

1. <u>Burden of Proof and Standard of Review</u>

When a nonresident defendant challenges the exercise of personal jurisdiction, the plaintiff has the burden to demonstrate facts established by competent evidence justifying the exercise of jurisdiction. (*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062 (*Snowney*).) The plaintiff must show jurisdictional facts as to each separate nonresident defendant, even in a case alleging conspiracy, and the proof must consist of more than mere allegations in the complaint. (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 110 (*Automobile Antitrust Cases*).) Competent evidence of such jurisdictional facts must be provided by affidavits and similar authenticated documents. (*Ibid.*) If the plaintiff makes this showing, the burden shifts to the defendant

5

to show the court's exercise of personal jurisdiction over him would be unreasonable. (*Snowney*, at p. 1062.)

Tracy argues he has met his burden to justify the exercise of personal jurisdiction over defendants because defendants do not contest the factual allegations within his verified complaint. Defendants contend Tracy's allegations are conclusory and are insufficient to meet his evidentiary burden, and they have no obligation to submit sworn declarations stating they do not conduct business in California. "Generally, a properly verified complaint . . . may be treated as a declaration or affidavit. [Citation.]" (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 217 (*ViaView*).) However, only non-conclusory evidentiary facts in a verified complaint will be considered sufficient evidence. (*Thomas J. Palmer, Inc. v. Turkiye Is Bankasi A.S.* (1980) 105 Cal.App.3d 135, 149.) We consider Tracy's verified complaint as a declaration or affidavit but will not consider conclusory allegations stated within the complaint as sufficient evidence.

"On appeal, we independently review the trial court's legal conclusions as to whether a defendant's contacts with California justify requiring that defendant to mount a defense in the forum. [Citation.] If the facts giving rise to jurisdiction are conflicting, we will not disturb the trial court's express or implied factual determinations where supported by substantial evidence. [Citation.] 'When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court engages in an independent review of the record.' [Citation.]" (*Rivelli v. Hemm* (2021) 67 Cal.App.5th 380, 393-394 (*Rivelli*).) "[C]onflicts in the evidence must be resolved against the appellant and in support of the order. [Citations.]" (*Wolfe v. City of Alexandria* (1990) 217 Cal.App.3d 541, 546.) Here, the trial court made certain findings on contested factual evidence, which we review for substantial evidence. We consider de novo whether the assertion of personal jurisdiction comports with due process of law.

6

2. <u>Principles Governing the Exercise of Personal Jurisdiction</u>

California's long-arm statute authorizes the courts of this state to exercise jurisdiction over a person on any basis not inconsistent with the Constitution of California or of the United States. (§ 410.10; *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 (*Pavlovich*).) The primary focus of the personal jurisdiction inquiry is the relationship of the defendant to the forum state. (*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* (2017) 582 U.S. 255, 262.) A California court may only assert personal jurisdiction over a nonresident defendant who has "minimum contacts" with California such that the maintenance of the suit "does not violate ' "traditional notions of fair play and substantial justice." ' [Citations.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444-445.) "Minimum contacts exist where the defendant's conduct in the forum state is such that he should reasonably anticipate being subject to suit there, and it is reasonable and fair to force him to do so. [Citations.]" (*F. Hoffman-La Roche, Ltd. v. Superior Court* (2005) 130 Cal.App.4th 782, 795 (*F. Hoffman-La Roche*).) Minimum contacts are not random, fortuitous, or attenuated contacts. (*Ibid.*)

Personal jurisdiction under the minimum contacts framework may be either all-purpose, known as "general," or case-related, known as "specific." (*Rivelli*, *supra*, 67 Cal.App.5th at p. 392.) "The nature and the quality of the defendant's contacts determine whether jurisdiction, if exercised, is general or specific." (*F. Hoffman-La Roche*, *supra*, 130 Cal.App.4th at p. 796.) Where "a nonresident defendant's activities may be described as 'extensive or wide-ranging' [citation] or 'substantial . . . continuous and systematic' [citation], there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action asserted against him." (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147.) Where a relationship to the state is not substantial, continuous or systematic, California courts may still assert jurisdiction if the causes of action alleged arise out of the defendant's conduct in the state. (*Id.* at pp. 147-148.) Specific

jurisdiction is contingent on the " ' "relationship among the defendant, the forum, and the litigation." ' [Citations.]" (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

Tracy does not differentiate between general and specific personal jurisdiction. He contends each defendant has continuous and systematic contacts with California through personal conduct and various businesses. He also argues defendants are subject to this court's jurisdiction because they spread defamatory information on a website routed through a server located in San Jose and made additional defamatory statements to others to obtain money from California residents.

Defendants argue Tracy has not met his burden to justify the exercise of personal jurisdiction. They state all defendants are Utah residents and/or corporations, posting information on a website routed through California is insufficient to establish personal jurisdiction, and Tracy's individual allegations against Brown, Bowen, Cook, E. Hawkes, Hughes and Bradford have no connection to California.

### 3. General Personal Jurisdiction

"General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are substantial, continuous, and systematic. [Citations.]" (*F. Hoffman-La Roche*, *supra*, 130 Cal.App.4th at p. 796.) Continuous and systematic contacts include such activities as maintaining an office and employees in the forum, use of forum bank accounts, and the marketing or selling of products in the forum state. (*Ibid.*) "As the 'minimum contacts' test is not susceptible of mechanical application [citation], these listed factors are not exhaustive, but they provide guidance as to the type and degree of contacts the defendant must have in order to justify the exercise of general jurisdiction." (*Ibid.*)

Tracy alleged all defendants are residents of Utah or are corporations with Utah offices organized under the laws of Utah. He now asserts defendants omitted information establishing their ties to California from their supporting declarations. Defendants deny omitting any relevant information and reiterate the truth of their declarations. Tracy did

8

not include the allegedly omitted evidence below and instead presented emails he exchanged with defendants regarding the evidence when considering a separate sanctions motion against them. While Tracy included some evidence in his declaration in support of his motion for reconsideration, we may not consider evidence not before the trial court at the time of the motion. (See *DVI, Inc. v. Superior Court* (2002) 104 Cal.App.4th 1080, 1091.) Substantial evidence supports the trial court's determination that all defendants, other than Gardner and Bowen, are residents of Utah, do not have residence or property in California, do not conduct business in California, and do not have offices in California. These defendants do not have continuous and systemic ties to the forum state. (*F. Hoffman-La Roche*, *supra*, 130 Cal.App.4th at p. 796.)

There is also substantial evidence supporting the trial court's factual findings that Gardner and Bowen have limited connections to California. Gardner has a percentage interest in a timeshare located in California, where he occasionally vacations, but he is not domiciled in California and has no continuous contact with California. Bowen is a Utah resident who does not conduct any business in California. He did sell about 500 copies of two self-published books on Amazon that may have shipped to California, but Tracy provides no evidence demonstrating the books entered California, let alone whether Bowen intended to serve a market in California through his sales. (See *As You Sow v. Crawford Laboratories, Inc.* (1996) 50 Cal.App.4th 1859, 1868-1869 [no general jurisdiction over the defendant company even when the defendant company knew some product would enter California because no evidence showed the defendant intended to serve a market in California with its shipped products].) Gardner and Bowen's ties to California are too random, fortuitous, and attenuated to establish general jurisdiction. (*F. Hoffman-La Roche*, *supra*, 130 Cal.App.4th at p. 795.)

There is no evidence demonstrating defendants' activities in California are substantial, continuous, or systemic to support the exercise of general jurisdiction. We

9

now consider whether California has limited jurisdiction arising from defendants' specific actions and statements.

4. Specific Personal Jurisdiction

To determine whether specific jurisdiction exists, we consider the relationship between the defendant, California, and the underlying litigation. (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.) A nonresident defendant may be subject to specific personal jurisdiction if (1) he has, through his contacts with the state, purposefully availed himself of the benefits of conducting activities in, and the protections of the laws of, that state; (2) the claims against him arise out of, or are related to, those contacts; and (3) the court's exercise of jurisdiction over him is fair and reasonable. (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472-473, 475-478 (*Burger King*).)

Whether a defendant has purposefully availed himself of the benefits of conducting activities within the forum state depends on whether he deliberately and voluntarily directed his activities toward the forum state. (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.) Limiting jurisdiction in this manner ensures a defendant will not be haled into California solely as a result of random, fortuitous, or attenuated contacts with this state, or because of the unilateral activity of some other person. (*Burger King*, *supra*, 471 U.S. at p. 475.) If a defendant purposefully avails himself of the privilege of conducting activities within California, he has clear notice he is subject to suit here. (*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297.)

In a defamation suit, courts apply an "effects test" to find purposeful availment. (*Pavlovich*, *supra*, 29 Cal.4th at pp. 269-270.) Under this test, it is not enough to show a defendant knew or should have known his intentional acts would cause harm in the forum state. (*Id.* at pp. 270-271.) The plaintiff must " 'point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum . . . .' [Citation.]" (*Id.* at p. 271.)

10

Along with purposeful availment, a plaintiff must demonstrate the claims against a defendant arise out of or are related to those contacts with California. (See *Burger King*, *supra*, 471 U.S. at pp. 472-473.) Once it is shown that a defendant purposefully established minimum contacts with the forum state, the court must assess whether exercise of jurisdiction over the defendant is fair and reasonable. (*Id.* at pp. 476-477.)

### a. ECID Website

Tracy argues defendants are subject to the jurisdiction of California because they conspired to post defamatory statements on the ECID website routed through a server located in California, and did so to obtain money from California residents.

Tracy concedes the ECID website is a Utah government website. While the post on the website concerns a California resident, there is no showing that any California resident visited the ECID website and read the post or that the post targeted California in any way. (*Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 24-26 (*Burdick*) [a nonresident defendant posting a defamatory statement about a California resident on a publicly available webpage is not sufficient to subject a defendant to jurisdiction in California where there is no evidence the webpage targeted California, had a California audience, or any California resident ever visited or read the website]; see also *ViaView*, *supra*, 1 Cal.App.5th at pp. 217-219; *Pavlovich*, *supra*, 29 Cal.4th at p. 274.) "[M]erely posting on the Internet negative comments about the plaintiff and knowing the plaintiff is in the forum state are insufficient to create minimum contacts." (*Burdick*, at p. 25.) The post on the ECID website is not sufficient to establish specific jurisdiction.

The allegation that defendants posted defamatory statements on a website routed through a server located in California is similarly insufficient to establish personal jurisdiction. (See *Jewish Defense Organization, Inc. v. Superior Court* (1999) 72 Cal.App.4th 1045, 1057, 1061-1062 [nonresident defendants posting defamatory statements on an internet page after contracting with multiple internet service providers located in California was insufficient for the assertion of general jurisdiction and to

11

establish purposeful availment required to assert specific jurisdiction].) There is no evidence defendants contracted with internet service providers located in California, intentionally routed the ECID website through California, or knew their website would be routed through a server located in California. Tracy fails to meet his burden to show defendants purposefully availed themselves of the benefits of conducting activities in California by posting defamatory statements on a website routed through a server located in California. (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

        b. Personal Conduct

Tracy alleged multiple defendants made additional defamatory statements, subjecting them to the jurisdiction of California.[6] There is no evidence these alleged actions were directed at California. The alleged statements concern Tracy's water rights claims and were made to individuals or reporters in Utah. While the alleged statements concern a California resident, Tracy fails to show the statements had a California audience, were seen or heard by California residents, or harmed his reputation in California. (See *Burdick*, *supra*, 233 Cal.App.4th at pp. 24-26 [analyzing various factors required to show purposeful availment in a defamation matter].) "[T]he correct jurisdictional analysis focuses on . . . the defendant's contacts with the forum, not with the plaintiff." (See *id.* at p. 24.) Tracy has not demonstrated defendants purposefully availed themselves of the benefits of conducting activities in California and the protections of the laws of California by expressly aiming their defamatory statements at California. (*Pavlovich*, *supra*, 29 Cal.4th at pp. 270-274.) The court cannot exercise specific jurisdiction over defendants based on the individual allegations of defamatory statements.

---

[6] Tracy has not alleged or demonstrated the defamation claims arise out of or are related to Gardner's timeshare in California or Bowen's book sales mentioned in their supporting declarations. (See *Burger King*, *supra*, 471 U.S. at pp. 472-473.)

Tracy has failed to establish defendants had minimum contacts with California sufficient to allow for the exercise of general or specific personal jurisdiction.

C.  *Jurisdictional Discovery*

Tracy contends the trial court erred by refusing to allow jurisdictional discovery. He argues he served deposition notices and written discovery requests on Brown and Bowen "reasonably calculated to evidence minimum contact with the forum state." Defendants argue Tracy forfeited his jurisdictional discovery arguments as to Brown and Bowen by failing to raise those arguments before the trial court, and, even if considered, Tracy does not demonstrate how service of discovery requests and deposition notices on Brown and Bowen could lead to the production of factual evidence establishing jurisdiction over defendants.  We review the trial court's order denying Tracy's request for a continuance of the motions to quash to permit jurisdictional discovery for abuse of discretion.  (*Automobile Antitrust Cases*, *supra*, 135 Cal.App.4th at p. 127.)

Tracy must demonstrate discovery is "likely to lead to the production of evidence of facts establishing jurisdiction."  (*Automobile Antitrust Cases, supra*, 135 Cal.App.4th at p. 127.)  Tracy provides no argument explaining how the deposition notices and discovery requests served on Brown and Bowen would have led to the production of relevant jurisdictional facts.  Our review of the written discovery requests, which generally concern the False Claims Act allegations or the merits of the defamation allegations, provides no further clarity.  The proposed discovery does not include any inquiry regarding contacts with California necessary to establish jurisdiction.  We conclude the trial court did not abuse its discretion in denying additional discovery.

D.  *Motion for Reconsideration*

Tracy argues the trial court erred by denying his reconsideration motion.  He points to evidence included in his reconsideration declaration concerning various defendants' business and property ties to California and contends defendants' declarations contain material omissions regarding their ties to California.  Gardner argues

13

the trial court did not abuse its discretion in denying Tracy's motion for reconsideration as Gardner's alleged business dealings in California are not based on new facts and are insufficient to establish personal jurisdiction.

Tracy failed to identify the order denying the motion for reconsideration in his notice of appeal. We therefore lack jurisdiction to review it. (See *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Even if we could consider the order denying the reconsideration motion, there was no error. (See § 1008, subd. (g) [an order denying a reconsideration motion is reviewable as part of an appeal from the order that was the subject of the motion for reconsideration].) Section 1008, subdivision (a) authorizes a party to seek reconsideration of an adverse order "based upon new or different facts, circumstances, or law." (§ 1008, subd. (a).) The moving party must provide a satisfactory explanation for the failure to present those new or different facts or law earlier. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212 (*New York Times*).) A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard. (*Ibid.*)

Tracy has not shown an abuse of discretion. The facts here are similar to those in *New York Times*. (*New York Times*, *supra*, 135 Cal.App.4th 206.) There, the court granted the New York Times Company's (NYT) writ of mandate and ordered the trial court to vacate its grant of reconsideration of its prior order granting summary judgment in favor of NYT. (*Id.* at pp. 209, 216.) The moving party based its reconsideration motion on deposition testimony of its marketing partners' representatives. (*Id.* at p. 212.) The deposition testimony was obtained by NYT prior to the hearing on the original motion. (*Id.* at pp. 210, 212.) The court stated a party seeking reconsideration has a high burden "comparable to that of a party seeking a new trial on the ground of newly discovered evidence: the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it at the trial. [Citation.]" (*Id.* at pp. 212-213.) While resulting case law relaxed the definition of "new or different facts"

14

under section 1008, "it is still necessary that the party seeking that relief offer some fact or circumstance not previously considered by the court. [Citations.]" (*Id.* at p. 213.) The *New York Times* court determined the deposition testimony did not constitute new or different facts under section 1008 because, although new to the trial court, the information was available to the moving party throughout the discovery process and was easily obtainable, but was not included in the party's original summary judgment opposition or shared with the court until the end of the hearing. (*Ibid.*) Even if the evidence was somehow considered "new," the moving party failed to provide a satisfactory explanation for its failure to present such evidence earlier. (*Id.* at pp. 213-215.)

Similarly, here Tracy attached various government reports, legal dockets, news articles, and business and domain websites available prior to the motions to quash to his reconsideration declaration. This evidence, while new to the trial court, could easily have been obtained prior to Tracy's response to the motions to quash or the hearing. Tracy also fails to provide any explanation for his failure to include such evidence while the motions to quash were pending. In his motion for reconsideration, Tracy argues the trial court did not provide him with an opportunity to produce evidence of uncontested jurisdictional facts but does not explain how the trial court prevented him from introducing relevant evidence.

Tracy included one article with his reconsideration motion that was released two days after the ruling on the motions to quash. In the article, the law firm Foley & Lardner revealed a California-based attorney served as a legal advisor to a Utah-based renewable energy developer in a partnership formation. The article explained the Utah-based renewable energy developer also received support from its founding investor, the Gardner Group. Tracy did not request judicial notice of the article below and does not move for judicial notice or provide a reason for his failure to request judicial notice on appeal. (Cal. Rules of Court, rule 8.252(a).) A reviewing court need not take judicial notice of

15

evidence not before the trial court, and we decline to do so here.  (*Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325-326.)  To the extent Tracy asks us to notice the article to establish personal jurisdiction over Gardner, we may not take judicial notice of the truth of the matters stated within the article.  (See *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 193.)  We decline to consider the article.

Tracy fails to show the trial court abused its discretion by denying his motion for reconsideration.

### III.  DISPOSITION

The order granting the motions to quash service of the summons and complaint is affirmed.

16

_____
Greenwood, P. J.

WE CONCUR:

_____
Grover, J.

_____
Wilson, J.

H052028 Tracy v. Bowen et al.